CASE 25—PETITION EQUITY—MARCH 27.

# Chapman's Devisees v. Chapman's Administrator, &c.

APPEAL FROM FLEMING CIRCUIT COURT.

DEVISE—LIFE ESTATE—INTEREST.—When one is entitled to the interest on stocks or bonds during his life, the interest that has accrued thereon at the time of his death goes to his representative and not to the remainderman.

A testator directed that his real estate be sold and the proceeds converted into bank stock, "the proceeds" thereof to be enjoyed by the testator's sister during her life, and at her death "said estate" to go to certain collateral kindred. The testator further provided: "It is not my wish that the principal of my estate, nor any part of it, shall be used or spent by my sister, deeming the proceeds thereof a full and sufficient support." *Held*—That the life-tenant took an absolute estate in the dividends arising from the bank stock during her life, and any of the dividends remaining undisposed of at the time of her death go to her representatives and not to the remaindermen.

CASSIDY & McCARTNEY AND T. L GIVEN FOR APPELLANTS.

A devise of bonds and stocks to one for life with the use of the dividends for life gives a life estate only in the dividends as well as in the stocks. (King v. Grant, 10 Atlantic Rept., 505; Gentry v. Jones, 6 J. J. M., 154; Christler's Ex'r v. Meddis' Adm'r, 6 B. M., 37.)

W. A. SUDDUTH FOR APPELLEES.

A devise to the effect that the dividends on certain bank stock shall belong to C during her life, and the stock at C's death to others, vests in C absolutely all dividends accruing up to the time of her death. (Covenhaven v. Shuler, 2 Paige Ch'y, 132; Johnson v. The B. I. Co., 80 Mass., 274; Ellis v. Essex M. B. Co., 2 Pick., 247; Saunderson v. Stearns, 6 Mass., 37; Major v. Herndon, 78 Ky., 127; Clark v. Anderson, 10 Bush, 112.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

After the death of A. B. Chapman, his will was admitted to probate by the Fleming County Court. Said will provides: "After the payment of any just

debts that I may owe, funeral expenses, and expense of administration, I will and bequeath to my sister, Cynthia Chapman, all my estate, real, personal and mixed, during her natural life, on the following terms : I desire that all my real estate be sold at the best price that can be had for it, and the proceeds thereof, together with the balance of my estate, I wish to be converted into the stock of some of the banks of Kentucky, and the proceeds thereof to be used and enjoyed by my sister during her life. At her death, I will my said estate to the children of Basil Browning, Jr., deceased, and their heirs forever (said children being cousins of mine). It is not my wish that the principal of my estate, nor any part of it, shall be used or spent by my sister, deeming the proceeds thereof a full and sufficient support."

Pursuant to the foregoing provision, the testator's estate was converted into bank stock, and Cynthia Chapman received the dividends arising from the stock to the time of her death, which occurred in September, 1886, except the sum of three thousand seven hundred and five dollars, which was in the hands of David Wilson, the administrator, with the will annexed, of A. B. Chapman. Cynthia Chapman in her life-time purchased some real estate with a portion of the dividends she had received on said bank stock. She devised all of her estate, including this real estate, to the appellee, J. B. Jackson. The children of Basil Browning, the devisees of A. B. Chapman, claim the three thousand seven hundred and five dollars remaining in the hands of David Wilson, at the time of the death of Cynthia Chapman, and said real estate, upon the ground that

Cynthia Chapman only took a life estate in the dividends arising from the bank stock for a support during her life, and whatever portion of the dividends that remained unexpended for her support, at her death, belonged to them ; also, she being only entitled to a life estate in the dividends, the real estate that she purchased with a portion of them belonged to the appellants at her death.  The lower court having held that Cynthia Chapman took an absolute estate in said dividends during her life, and that she had the right to dispose of the three thousand seven hundred and five dollars and the real estate, by will, the appellants have appealed to this court.

Said will is not susceptible of the construction that Cynthia Chapman was only entitled to a mere support out of the dividends of the bank stock ; if it were, then she would only take a life use therein to the extent of a support, and whatever of it remained unused for that purpose, at her death, would go to the remaindermen under the will.  But the dividends arising from the bank stock were willed to her during her life, as a distinct estate, and the corpus of the estate—the bank stock itself—was willed to the appellees, to take effect at the death of Cynthia.  So, by the will, the two interests in the estate were severed ; Cynthia taking the dividends as a separate and distinct estate, and the appellees taking only the body of the estate—the bank stock itself—as a separate and distinct estate.

It is well-settled, that where one owns a life estate in land, the rent thereof due at the time of his death goes to his representatives, and not to the remainderman.  And where one is entitled to the interest on

stocks or bonds during his life, the interest that has accrued thereon at the time of his death goes to his representatives, and not to the remainderman. So, where one is entitled to the interest arising from any particular fund during his life, whatever interest that may be due at the time of his death goes to his representatives, and not to the remainderman. In all such cases the life tenant takes an absolute estate in the interest or dividends for life, and if any of the interest or dividends remains unconsumed or undisposed of at the time of the death of the life tenant, the same goes to his representatives, and not to the remainderman. If, out of the proceeds of the estate, the life devisee is to be limited to a support, and all of the remaining interest at his death is devised in remainder, then the devisee in remainder will take all the proceeds of the estate remaining at the death of the life devisee. But where the proceeds themselves are given to the life devisee, and the corpus of the estate is going to the devisee in remainder, then the life devisee takes an absolute estate in the proceeds for life, and the devisee in remainder takes the corpus of the estate. Thus each takes an absolute estate; the one takes the proceeds absolutely during his life, and the other the corpus. It is clear, therefore, that Cynthia Chapman took an absolute estate in the dividends arising from the bank stock during her life.

The mere fact that the appellees joined as plaintiffs in this action, which involved a construction of A. B. Chapman's will, as to whether Cynthia Chapman was entitled to an absolute estate in the dividends during her life, and the decision thereon, can have no effect upon any question that may arise in contesting her will.

The judgment of the lower court is affirmed.