## Harl v. Vairin's Executor, et al.

### (Decided May 8, 1917.)

## Appeal from Daviess Circuit Court.

1. Wills—Probate of Will—Collateral Attack.—A judgment of a court probating a will is conclusive as against collateral attack of the fact or the due execution of the will, the condition of testator's mind, the absence of undue influence, and other facts and circumstances tending to make it a valid will, and it will be presumed in such collateral attack that the probate court ascertained and found that the will was executed according to the law of the place, although it may not appear on the face of the judgment to have done so.

2. Wills—Presumption of Execution.—If a will appears in the judgment probating it to have been executed with attesting witnesses, and that it was probated upon testimony given by such witnesses, although they may be incompetent to testify about its execution, it will be presumed that the will was validly executed as a holographic will, which would relieve the incompetency of the attesting witnesses to it, and the will will be upheld unless set aside by some direct proceeding for that purpose.

3. Wills—Holographic Will—Probate of.—The disqualifying provisions of section 4836 of Kentucky Statutes as to attesting witnesses who are devisees under the will do not apply to the probating of a holographic will, as it may be probated upon the testimony of devisees without their forfeiting their devises under the will.

4. Wills—Probate of—Witnesses—Competency.—In a suit brought by an executor to sell land under a will, the terms of which empower the executor to sell the land without decree, but the land is sold under judgment duly rendered, the purchaser filed exceptions to the sale because the testator procured title to the property through wills which were actually holographic but attested by the devisees, and the judgments probating them do not recite the fact that they were holographic: Held, that the exceptions being a collateral attack of the probate proceedings, it will be presumed that the court properly ascertained and determined that the wills were holographic, and that the devisees were competent witnesses to that fact.

5. Judicial Sales—Purchasers—Title.—The will of the testator whose land was sold under decree, and to which exceptions were filed by

the purchaser, did not dispose of any real estate to the beneficiaries in the will, but gave them only the proceeds of the sale of real estate to be made by the executor: Held, that in a suit where all the heirs of the testator are parties in which the decree of sale is rendered, and the order of sale is not objected to by any of the heirs, the purchaser will obtain a good title, although the testator's title may have been imperfect, because of invalid wills under which he held the land, if the parties to the suit include all the heirs of those who executed such imperfect wills.

C. W. WELLS and W. FOSTER HAYES for appellant.

W. T. ELLIS, FLOYD J. LASWELL and W. P. SANDIGE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to the year 1873 Justus Vairin died intestate, a citizen of New Orleans, Louisiana, and the owner of the tract of land involved herein, which is 270 acres, located in Daviess county, Kentucky. He left surviving him, as his only heirs, four unmarried daughters, Mary, Sarah, Cecelia and Victoria Vairin, and three sons, John T., Justus and Julius Vairin. Neither of the sisters ever married, and in 1873 their three brothers conveyed to them jointly all of their undivided one-seventh interest each in and to the Daviess county land, which made the four sisters the entire owners of it in equal onefourth parts.

In 1874 each sister wrote her holographic will and had the other three to attest it, and in 1877, the four having inherited from a deceased aunt some property in the state of Indiana, each added a similarly executed codicil to her will. Each will, as well as the codicil thereto, devised to the surviving sisters the property of the testatrix. From the time of the date of the deed which the brothers executed to the sisters, and perhaps before they each lived in Daviess county, and, as we gather from the record, the greater portion of the time, at least, upon the 270-acre farm.

In 1904, Mary Vairin died, and on the 18th day of January of that year her will, with its codicil, was duly probated in the Daviess county court, and in the order or judgment probating it it is stated that the will was proven by the oaths of Cecelia, Victoria and Sarah Vairin, subscribing witnesses thereto, and it was ordered to be recorded as the last will and testament of Mary Vairin. If the probate of that will was valid, it put the entire title of the farm in the three surviving sisters.

In 1909, Sarah Vairin died, but her will had become lost, and there was no effort to probate it until the 16th day of June, 1913, when, under a proceeding had in the county court of Daviess county for that purpose, her will was established, as the proof showed that it had been executed, which was done by a judgment of that court duly and regularly entered of record. The judgment recites that the witnesses heard upon that proceeding were C. C. Watkins, Emile J. Vairin and Victoria Vairin, upon consideration of which the judgment was rendered. There is nothing appearing of record showing the testimony either of the witnesses gave upon that hearing. If that proceeding is valid, the two surviving sisters became vested with the entire interest in the farm.

In 1912, Cecelia Vairin died, and her will, with its codicil, was duly probated by an order of the Daviess county court, on March 18, 1912. In the order probating the will and establishing it as such it is recited that it was "proven by the oath of C. C. Watkins to be wholly in the handwriting of said testatrix."

After the probating of the wills of the three deceased sisters, the survivor, Victoria Vairin, became the sole owner of the farm, provided the wills of her sisters were properly and legally established.

On February 25, 1916, Victoria Vairin died, but before that, and after the death of her last sister, she had executed another will, the terms of which are not involved in this appeal, but in a codicil to it she appointed the appellee, Central Trust Company, of Owensboro, Ky., executor thereof.

Victoria Vairin, at the time of her death, owned not only the farm in question, but some real estate in the city of Owensboro, which she had similarly acquired. In March following her death, her last will was probated by the Daviess county court, and the executor named therein qualified and took charge of the property of its decedent.

The testatrix, by her will, under its specific and residuary clauses, disposed of her entire property, but in the form of personal bequests represented by sums of money, and she did not undertake to devise to any of the beneficiaries under it any real estate. The language of the will is sufficient and broad enough to confer upon her executor the power to sell and convey the testatrix's real estate, which fact is conceded by both sides to this controversy, and which relieves us of inserting portions of the will in this opinion.

Some of the bequests in the will being somewhat uncertain, the executor filed this suit in the Daviess circuit court in which it asked for a construction of the will, and also for a judgment of sale of the real property, and for the direction of the court as to the disposition of the proceeds.

By the petition, and through the answers and cross-petitions of the defendants in the suit, all of the heirs of the testatrix and of her three deceased sisters, were brought before the court. In due time a judgment ordering the sale of the property by the master commissioner was rendered, and pursuant to it he sold the property, the appellant, Tandy L. Harl, becoming the purchaser of the farm at the price of $20,400.00, and another became the purchaser of the city property. After the sales had been reported, but before confirmation, the purchasers filed exceptions based upon the ground that the testatrix, Victoria Vairin, was not the sole owner of the property at the time of her death, because it is insisted that the probating of the wills of her three deceased sisters were irregular and illegal, and were each void and ineffectual to pass title to the survivors, for the reason that the orders of the Daviess county court probating them, and the record of each probate proceeding showed that the wills were witnessed by the sole devisees in each of them, and that the order probating the will of Mary Vairin states that it was proven by the surviving devisees as subscribing witnesses. This contention is made under a construction given by appellant's counsel to section 4836 of the Kentucky Statutes, which reads:

"If any person who attests the execution of a will shall, after its execution, become incompetent to be admitted a witness to prove the execution thereof, such will shall not, on that account, be invalid. And if a will is attested by a person to whom, or to whose wife or husband, any beneficial interest in any estate is thereby devised or bequeathed, if the will may not be otherwise proved, such person shall be deemed a competent witness; but such devise or bequest shall be void, except that, if such witness would be entitled to any share of the estate of the testator in case the will was not established, so much of his share shall be saved to him as shall not exceed the value of what is so devised or bequeathed."

Before entering into a discussion of the questions presented, it might be serviceable to call attention to

section 4828 of the statutes, as what we shall say will relate also to that section, the provisions of which are:

"No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction; and, moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

While the objections assumed the general form heretofore indicated, counsel for appellant has discussed, and we will consider them under these sub-divisions: (1) That it is incompetent, where the record shows a proven will to have been attested, and its probate to have been made by such attesting witnesses, to presume in a collateral proceeding that the will was in fact a holographic one, if necessary to support its validity. (2) That although the will may have been in fact holographic, devisees thereunder, whether attesting witnesses or not, are incompetent to establish its probate. (3) That it is incompetent in a collateral suit wherein the validity of the will, as well as its probate, is called in question, to show in support of the will that it was in fact a holographic one, and (4) that the record shows that one of the heirs, Emile J. Vairin, is a married man, and his wife is not made a party to this proceeding, and inasmuch as the wills of the three sisters were improperly probated, that each died intestate, and Emile J. Vairin became seized of whatever interest he inherited from those three sisters, and his wife is a necessary party to this suit. The same contention is made with reference to the other two male heirs of the testatrix, but the record does not show that they are married or have living wives.

Disposing of these in the order stated: (1) It will be observed that the present proceeding is collateral to the probate proceedings of the wills drawn in question. In such cases the probate judgment is conclusive as to the testamentary capacity of the testator, the sufficiency of the execution of the will, and all facts necessary to make it a valid testamentary disposition of the testator's property. The general doctrine is stated in 40 Cyc., pages 1370-71-72. The text from the latter page is:

"The probate of a will is conclusive not only of the testamentary capacity of the testator, his residence within the jurisdiction, and the sufficiency of the execution

of the will, but also of the fact that the instrument probated is testamentary in character, that it has not been revoked, that proper notice was given to interested parties, that the will was produced and proved according to law, and that there was no fraud or undue influence exerted upon the testator.''

This rule giving conclusive effect in a collateral proceeding to judgments probating wills has been consistently followed by this court. Among the cases so holding are Stevenson v. Huddleston, 13 B. Monroe 299; Morrison v. Fletcher, 27 Ky. Law Rep. 124; Kentucky Land Co. v. Crabtree, 113 Ky. 922; Abbott v. Traylor, 11 Bush 335; Leslie v. Maxey, 23 Ky. Law Rep. 2435, and Sanders v. Sanders, 17 B. Monroe 10.

The conclusiveness of the judgment probating the will upon collateral attack is thus forcefully stated in 40 Cyc. 1377:

''It is well settled that a judgment or decree admitting a will to probate, when made by a court having jurisdiction thereof, may be attacked only in such direct proceedings as are authorized by statute, and that it is not open to attack or impeachment in a collateral proceeding. More specifically, it is not permissible to collaterally attack such a judgment or decree on the ground that certain errors and irregularities exist, which, if shown really to exist, would, at the most, make the judgment only voidable, such as an alleged fact that the persons interested were not all duly cited or given notice or made parties, that the probate was granted on insufficient proof, as where it was granted on production of a copy instead of the original will, that the execution of the will was defective and insufficient, that the order admitting the will to probate does not use the exact language of the statute, that there was no formal entry of the judgment, that the decree contained a translation of the will into English, or that the jury were erroneously instructed and returned a verdict contrary to the evidence; but when irregularities of this nature are alleged in a collateral proceeding, the court will indulge in liberal and conclusive presumptions in favor of the sufficiency of the record and proceedings, such as a presumption that proper and sufficient notice was given, that the petition for probate was properly filed, that orders continuing the hearing were regularly made, that the execution, attestation and proof of the will were sufficient, that the testator possessed testamentary capacity, and that the instrument

probated is sufficient to pass such property as it purports to pass.''

In the case of Sanders v. Sanders, *supra*, from this court, the question was whether it was competent to attack the probate of a will in a suit brought for the sale and disposition of the property under it, but this court held that such an attack was a collateral one, and that the conclusiveness of the presumption now under consideration was such as to prevent an attack even in that character of suit.

These authorities established beyond question that the wills of the three sisters of the testatrix in this case are not only valid, but that they were duly probated and on sufficient evidence.

In the Stevenson case, *supra*, a holographic will was involved, and it was determined by this court that the presumption which we are now considering is sufficient to establish the fact that the probate court found the will to be holographic, if it was necessary to so find in order to admit it to probate. This court therein said:

''It must be presumed that the witness or witnesses did prove every fact which is necessary to exist and to be proven to authorize the establishment of the will, and to show that it had been executed in conformity to the requisition of the statute on wills.''

Turning now to the (2) point made, we find that section 4836 of the statute, *supra*, deals altogether with wills executed in such a manner as to require their attestation, which under the provisions of section 4828 are wills ''not wholly written by the testator.'' Under the latter section a will which is wholly written by the testator need not be attested by any witness, but if the testator, out of abundant caution, has his will attested, this can have no effect upon its validity as a holographic will, even though the attesting witnesses be devisees or the sole devisees thereunder.

In the case of McNamara v. Coughlin, 159 Ky. 810, the question arose as to whether devisees in a holographic will may prove it to be in the handwriting of the testator. It was therein determined that such devisees are competent witnesses to establish it in a probate proceeding, and in so determining the court said:

''It is argued that the devisees who testified to the genuineness of the will are, in effect, attesting witnesses, and fall within the spirit of the statute. It will be observed, however, that the statute applies to a person

'who attests the execution of the will.' The question is: Who is an attesting witness? Section 4828, Kentucky Statutes, provides:

" 'No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction; and moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator.'

"It will be seen from the foregoing statute that if a will is not wholly written by the testator 'the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator.' We, therefore, conclude that an attesting witness within the meaning of section 4836, *supra,* is one who fulfills the conditions required by section 4828; that is, he is one in whose presence the will is signed or acknowledged by the testator, and who subscribes his name in the presence of the testator. Such a witness is not one who merely expresses an opinion that the will is in the handwriting of the testator. He is a witness who testifies from knowledge obtained by seeing the testator subscribe his name, or having the testator acknowledge the subscription in his presence. The statute has no reference to devisees who, like other witnesses, merely give it as their opinion that the will is in the handwriting of the testator. Nor should the statute be extended so as to include devisees who do not naturally fall within the class referred to in the statute."

In addition to what is therein said by the court, it may be stated that the reasons for the rule established by the provisions of section 4836 as to attesting witnesses do not exist in the case of holographic wills. In the former case the attesting witnesses must not only be able to state that the testator subscribed the paper in their presence, but further that they subscribed it in his presence and at his request. They are thus placed in a position where they are the only witnesses by whom the execution of the will may be established. Not so with their testimony concerning the execution of a holographic will. The testimony heard in the probate court of that character of will is derived from information the devisees may obtain as any other acquaintance of the testator might obtain. It

is directed only to the genuineness of the testator's handwriting, the facts concerning which anyone who is familiar with such writing may testify to, and therefore the reason for the rule contained in section 4836 does not exist, at least with the same force, in cases of holographic wills as it does with reference to attested wills, because the former class of wills may "otherwise be proved" (by other witnesses acquainted with the testator's writing) without resorting to the testimony of the devisees under it, while the latter cannot be otherwise proved without the testimony of the attesting witnesses.

Considering sub-division (3) of the objections urged to the sale by appellant, we think it was competent to prove on the trial of the exceptions in this case that the original will of Mary Vairin was in fact in her handwriting. This does not contradict the judgment probating the will, as we have already seen that it will be presumed in a collateral attack that the court found such to be the fact, if it was a fact. The offered proof was but fortifying that presumption, and had for its ultimate purpose not an attack on that judgment, but to aid in upholding it. Indeed, in the Stevenson case, *supra,* similar evidence was offered and heard in the collateral proceeding.

Briefly considering sub-division (4) of the objections to the sale, it will be seen that what we have said disposes of it against appellant's contention, for if the wills of the three sisters of the present testatrix are valid ones, the male heirs of the testatrix have no interest in the land, as she owned all of it, and disposed of all of it under her will.

Another answer to this contention is that all of the heirs and parties interested in the 270 acres of land, the sale of which is objected to, are parties to this suit, except, perhaps, the wife of Emile J. Vairin, but as to him it is shown that upon the probate of some of the wills he appeared as a witness, and in one case as a propounder, and it is quite probable that such participation on his part would estop him from claiming any interest in the land as an heir to any of the three sisters whose wills are in controversy; but, however, that may be, none of the heirs who are parties to this suit are excepting to this sale. The will of the testatrix, as hereinbefore seen, does not devise any land to any of them. They are interested only in the proceeds of the land, and if the questions presented could be urged by them at all, it would be when the court came to distribute those funds, for clearly,

if the sale now in contest was made in a proceeding to which they were parties, and without objections from them, the title, in so far as they are concerned, would pass under the sale, and they would be forever estopped from questioning the one which the purchaser obtained.

So, whatever, view we may take of the contentions presented by the record, we are constrained to hold that the exceptions filed by the appellant to the sale were properly overruled, and the judgment of the court in doing so is affirmed.