## Powers, et al. v. Burke, et al.

(Decided May 19, 1922.)

### Appeal from Wayne Circuit Court.

1. Wills—Life Estates—Construction.—The testator devised to his wife his entire estate to have and to hold undisturbed during her natural life without interference or claim from any one, and then directed that she should distribute it in such manner and form and at such time or times as should in her judgment be for the best interest of their daughter. Held, that the wife took a life estate in the property devised, with the power of disposing of it for the best interests of the daughter.

2. Wills—Construction—Presumptions.—In the construction of wills the presumption will be indulged that the testator intended to dispose of his whole estate but this presumption will not be allowed to affect or nullify a contrary intention manifested in the will itself.

3. Wills—Power of Appointment.—The power of appointment given in a will must be exercised for the benefit of the party entitled to it and not with the view of benefiting the appointee, and disposition of the property made with the latter view is unauthorized.

4. Wills—Distribution.—Authority of the wife to distribute or dispose of property for the best interest of the testator's daughter held under the will not to be unrestricted but subject to the supervision of a court of equity, without the approval of which the wife cannot sell or convey any real estate devised.

VIRGIL P. SMITH and KENNEDY & HAYS for appellants.

BERTRAM & BERTRAM, J. P. HARRISON, DUNCAN & BELL and J. M. KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This appeal involves the construction of the will of T. M. Powers, which reads as follows:

"I, T. M. Powers, of Slickford, Wayne county, Kentucky, being of sound mind and capable of disposing of said estate, hereby revoking all other and former wills by me heretofore made, do make, publish and declare this to be my last will and testament.

"I hereby direct that all my just and honest debts be paid and burial expenses.

"I hereby give, bequeath and devise unto my wife, Abbie J. Powers, at my death all my entire estate, both real and personal, to have and to hold undisturbed during her natural life, no one to interfere or claim in any form.

I hereby direct that said wife shall distribute in such a manner and form and at such time or times as shall in her judgment be for the best interest of my said daughter. I hereby nominate and appoint my wife Abbie J. Powers the executor of this, my will and it is my will that no bond shall be required, or if she deems it necessary, then she can select some suitable and responsible person to serve as said estate.

"This the 14th day of May, 1907.

"(Signed) T. M. POWERS."

The appellant, Abbey J. Powers, surviving wife of the testator, contends that the will devised to her the whole of the property of the testator in fee simple, but, even if it be construed as devising her only a life estate, it must be held to empower her to sell and dispose of the property and distribute the proceeds between herself and the appellee, as in her judgment seems best.

The appellee, Dorothy Powers Burke, only child of T. M. Powers, contends that the will devised to appellant only a life estate in the property without power of disposition. The latter contention was sustained by the trial judge.

While general rules of construction will be followed in the interpretation of wills, they will never be allowed to defeat the plain intention of the testator as gathered from the instrument itself. (Citizens' Trust Company v. Fidelity Trust Co., 136 Ky. 540.) And undoubtedly the law favors that construction which, consistent with the terms of the will, disposes of the entire estate, the presumption being that a partial distribution was not intended by the testator. (Newcomb v. Fidelity Trust Company, 108 S. W. 91; Deppen v. Deppen, 132 Ky. 755.) It is upon the latter hypothesis that appellant contends that the testator intended to devise to her the whole of his property in fee simple.

It is difficult to find two wills of similar phrases and necessarily the applicability of adjudged cases must be determined by analogy rather than upon the identity of language employed. The difficulty in this case is somewhat increased by reason of the fact that the instrument is poorly drawn. It will be noted, however, that the clause involving the dispute devises unto "Abbey J. Powers, at my death all my estate, both real and personal to have and to hold undisturbed during her natural life no one to interfere or claim in any form." Then follows the di-

rection that Abbey J. Powers "shall distribute in such manner and form and at such time or times as she in her judgment believes to be for the best interest of my said daughter."

The use of the first language quoted manifests an intention to limit the devise to the natural life of the appellant, and, while there is no devise over, the second clause referred to is reasonably susceptible of the construction of a grant of power to appellant to distribute the testator's property for the best interest of his daughter.

A number of decisions of this court are cited in support of the contention that the testator intended to devise his property in fee to appellant. We do not consider them decisive of the proposition. In Collins, etc. v. Carlyle's Heirs, 7 B. Monroe 13, the will provided: "As to my property and wealth I first wish all my just debts and funeral expenses punctually paid and the balance of my estate wholly is left to my beloved wife, Nancy Carlyle, to be disposed of by her and divided among my children at her discretion." It will be observed that the testator in that case did not leave the balance of his estate to his wife, "during her natural life," but left it to her "to be disposed of by her and divided" among his children at her discretion. It was held that the wife took an estate for life with power to give the property to the children or appropriate it to their use at her discretion and the wife dying, the children took under their father's will that undisposed of by their mother.

In Constantine, et al. v. Moore, 62 S. W. 1016, the devise was to the wife to control the property during her life as she might see proper and to dispose of the same at her death. It was held that the fee passed to the wife; that the words to control the same during her life and to dispose of the same as she might see proper at her death were merely explanatory of the devise of the fee already made. The power of absolute disposition given in that will is not to be found in the instrument under consideration and it was held in that case that it was the manifest intention of the testator to devise the fee to his wife.

In Pedigo's Exor., etc. v. Botts, et al., 89 S. W. 164, the testator devised his estate to his wife to have and to hold the same in her own right, to control it in her own way and interest, to enjoy it during the remainder of her natural life, and to have the power of selling any or all of

it as she might see fit, but with the proviso that at her death whatever part of it she then might have should be equally divided among his children. The will was construed as vesting in the widow a life estate with unlimited power of disposition and it was held that the children took the remainder in the residuum undisposed of by the widow during her life.

There is not to be found in the will of T. M. Powers any authority for appellant to dispose of his estate as she might deem fit, but the power of disposition is limited to the best interest of appellee. The Pedigo case comports with the well established rule of construction discussed in Trustees Presbyterian Church of Somerset v. Mize, 181 Ky. 571.

Degman v. Degman, 98 Ky. 717, involved the construction of a will very similar to the one under consideration. There the testator devised his wife all of his estate, the same, "to be disposed of by her among my children as she may think best." The devise was not limited to the period of the wife's life, as in the instant case, but the testator gave to his wife all of his property of every description, "the said property to be disposed of by her among my children as she may think best." It was decided by this court that the widow took a life estate with power to divide the property among the testator's children as she thought best, but it was also held that the power of appointment should be exercised by her for the benefit of the persons entitled to it and not with a view of benefiting the person executing the power. The widow attempted to make an unequal division of the testator's property among his children with the view of securing payment of her own debts and also the support of herself and a second husband, for which the grantee in one of the deeds of partition obligated himself. It was held that the deed should be cancelled and the land equally divided among the testator's four children. The general rule is that the power of appointment must be exercised for the benefit of the parties entitled to it and not with a view of benefiting the appointee, and that an apportionment or division made for the purpose of benefiting the appointee is in law fraudulent and void.

None of the authorities relied on by appellant sustains her contention. It is true that the presumption will be indulged that the testator intended to dispose of his whole estate, but this presumption will not be allowed to affect or nullify a contrary intention manifested in the will it-

self. From a consideration of the will in dispute and the authorities cited we conclude that T. M. Powers intended to vest in appellant an estate for life in the property devised, free from interference, with the power to distribute or dispose of the same in such manner as seemed to her for the best interests of his daughter. The right to exercise the power of appointment is not unrestricted. Her right to the use and possession of his property during her natural life is complete, but her power to distribute or dispose of it is limited to what seems to be the best interest of appellee. Of this interest appellant is not the sole judge but, in our opinion, is subject to the supervision of a court of equity, without the approval of which she can not sell or convey any of the real estate devised. (Clore, et al. v. Clore, et al., 184 Ky. 83.)

The judgment of the lower court is correct. If, however, upon proper showing in a court of equity it is made to appear at any time, that the best interest of the appellee will be served by the sale or disposition of any of the devised property, authority to make such sale should be given the appellant, upon condition that she receive the income from the proceeds thereof but the corpus be preserved intact for appellee, who, at the death of the life tenant, will take the same by inheritance.

Wherefore, the judgment is affirmed.