## Westerman v. Rastetter.

(Decided December 19, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Wills—Presumed Testator Intended to Dispose of Entire Estate, Unless Contrary Clearly Appears.—Testator will be presumed to have·intended to dispose of all his property and to die intestate as to none of it, unless will clearly indicates contrary.
2. Wills—Will Giving Testator's Property to Wife to be Devised as She Deems Proper Held to Vest Fee Title in Wife.—Will giving testator's property to his wife to be devised by her as she deemed proper, and in case she should remarry her husband to have no control thereof, vested fee title in wife on testator's death; words, "to be disposed of by her as she may deem proper," being mere surplusage and not indicating intention to create mere life estate.

STEPHEN S. JONES for appellant.

L. F. SPECKMAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Elizabeth Rastetter, by this equity action filed in the Jefferson circuit court against the appellant and defendant below, Henry Westerman, sought a decree requiring defendant to accept a deed from her conveying to him certain real estate in Jefferson county pursuant to the terms of a prior duly executed written contract between the parties evidencing their agreement of sale and purchase. Defendant resisted the relief sought upon the ground that plaintiff did not own the fee simple title to the land, but only a life estate. The trial court held otherwise and adjudged ·that defendant was compelled to accept the conveyance and, complaining of that ruling, he brings the case here on appeal.

The determination of the only question involved depends upon the correct interpretation of clause 2 of the will of Thomas Rastetter, the husband of plaintiff, and under which she obtained whatever title she has. That clause says: "I give and bequeath to my wife, Elizabeth Rastetter, all my property both real and personal to be devised by her as she may see proper; in case my said wife should marry, her husband shall not have any control whatever over the whole, or any part, of my said property." By another clause, testator appointed his

wife executrix of his will with the request that she qualify without being required to execute bond. He made no other devises, bequests or requests in his will, and of course disposed of no actual or supposed future interest in his property to any one. If, therefore, the inserted clause of his will did not invest his wife with the absolute title, he died intestate as to that portion not given to her. The case is, therefore, one for the application of the rule of interpretation that a testator will be presumed to have intended and disposed of all his property and to die intestate as to none of it, unless he clearly indicates in his will a contrary purpose. Differently stated, the rule is that where the language employed is susceptible of two constructions, one of which conveys absolute title to all the property attempted to be devised, and the other a lesser estate, without disposition of the remainder of the title, the one disposing of the entire title will be adopted and enforced in the absence of a clear indication in the will itself that such purpose was not intended.

A late case recognizing the rule as stated is Powers v. Burke, 194 Ky. 796. In this case there is nothing in the will of Thomas Rastetter outside of clause 2 thereof remotely indicating any intention not to dispose of his whole estate to his wife, the plaintiff herein; and if any such intention is contained in any part of his will it is in that clause. It is the contention of defendant that the words, "to be devised by her as she may see proper," following an absolute devise to her, plus the withholding of any control over the property of a future husband of his wife should she marry again, clearly indicate an intention on the part of the testator to vest her with only a life estate in the property with power to dispose of it by will; but we do not so construe the testator's language. The will was written in 1893, before the enactment of our present statute known as the "Married Woman's" or "Weisinger Act," and when the law was that a husband had much larger interests in his wife's property, both real and personal, than since the enactment of that statute; and perhaps the testator was familiar with the law on that subject at the time he wrote his will, and by inserting the limitation upon the rights of a future husband he intended to create what was then known as a "separate estate" in his wife so as to shut off what would otherwise be the rights of such future husband. At any rate the particular provision referred to in the will cannot be given the effect contended for under any

rule of construction known to us or to which we have been cited.

There is left, then, only the language conferring power upon the wife to dispose of the property by will. In the first place, the language does not in terms confer a power, but only purports to bestow upon her a right, which of course she already possessed if the entire title to the property was devised to her and in which event the language would be mere surplusage. Similar language was so classified in the case of Snider v. Baer, 13 L. R. A. 359, decided by the supreme court of Pennsylvania; and the conclusions of that court in that opinion were referred to with approval in the case of Constantine v. Moore, 23 Ky. L. R. 369. In the latter case clause 2 of the will there under consideration said: "In consideration of the love and affection I have for my beloved wife, Cassander F. Constantine, I give and bequeath unto her all my property I may die possessed of, of every description, real, personal and mixed, to have the same for her benefit, to control the same during her life as she may see proper, free from the claim of every person or persons, and to dispose of the same as she may see proper at her death." And it was held that the wife was given the fee to the property; notwithstanding the control by her of it was declared to be "during her life."

The will now under consideration is free from even that much qualification, for nowhere in it is the dominion of plaintiff over the property even attempted to be limited for the period of her life or in any other manner. Other cases fortifying what we have said, with reference to the construction of wills as to the character and nature of estates devised, and sustaining our conclusion that the will here involved invested plaintiff with the absolute title to her husband's property, are: Howard v. Cole, 124 Ky. 812; Snively v. Snively, 162 Ky. 461; the Powers case, *supra*, and others found in those opinions. We deem it unnecessary to reiterate the arguments made in those opinions supporting the conclusions reached, since it is plainly manifest that under no recognized rule for the interpretation of wills can it be said that the testator in this case intended to qualify or limit the estate devised to his wife so as to reduce it to less than an absolute fee.

It results, therefore, that the judgment was proper, and it is affirmed.