## Midlow et al. v. Ray's Adm'x et al.

May 21, 1946.

Dissenting Opinion May 31, 1946.

Frank E. Daugherty and Victor L. Kelley for appellants.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

From a judgment giving a documentary interpretation, which was adverse to the interest of the heirs at law of Leon Ray and which was favorable to those to whom he is alleged to have willed his property by such document, the appellant heirs at law have taken this appeal.

Since this appeal presents, as the court believes, only a question of law, it does not appear to be necessary to recite the factual situation at great length. It is sufficient, we think, to say that Leon Ray, who was an elderly colored man of Bardstown and of humble station in life, wrote a letter on October 24, 1944, to his illegitimate son, James B. Ray, who was overseas as an officer in the United States Army at that time. One week after writing the letter, Leon Ray died, leaving property consisting principally of his home and adjoining lots. He was survived by his widow, who also had an illegitimate son of her own named Bill, and he was further survived by a daughter of his half brother. This half niece and her husband are the appellant heirs at law herein. The letter was written by Leon Ray in his own handwriting and contained more than 700 words, but the paragraph in main controversy and which was interpreted by the judgment of the trial court is as follows:

"If anything should happen to me or Mother Mollie you will have a home to come too and about those lots, tearing down coal house, would make room for two lots, one for you and one for Bill."

Appellants' main contention, to which they devote practically all the argument of their brief, is that Leon Ray's letter mentioned above is not his will and that it devised nothing.

This action did not begin as a will probate case and it is not now an appeal from a judgment admitting a will to record as provided by KRS 394.290.

This was an action seeking to have the court construe a document, which appellees alleged was the will of Leon Ray, who died, the appellees say, testate by reason of the will consisting of the above mentioned letter.

While this was purely a document interpretation case, the appellants assert in their brief that the document was actually probated as the will of Leon Ray. We are willing to accept, and we do accept, at face value appellants' assertion that this document has been probated in other proceedings which may or may not later come before this court on another appeal for a final decision adjudicating the question of whether the document in question is the will of Leon Ray. We do not now decide that the document is or is not the will of Leon Ray. It is impossible to decide that question in an action seeking an interpretation of a document rather than taking an appeal from a judgment saying that the document is a will.

This document has been probated as a will, as appellants state, and having been probated, the probate judgment is not subject to attack in a collateral manner in the instant case. The probate judgment, in its present unappealed state, is conclusive as to the testamentary character of the document, at least until a final decision on that particular question by an appeal to this court. Harl v. Vairin's Ex'r., 175 Ky. 468, 194 S. W. 546.

It is to be noted that we have held that a suit for an interpretation has no effect on questions that may arise in subsequent will contest litigation. Chapman's Devisees v. Chapman's Adm'r., 87 Ky. 140, 7 S. W. 901.

The only question that is or that can be before this

court at this time consists of the correctness of the interpretation given to the document in controversy by the trial court's judgment. The substance of that interpretation was that Leon Ray's widow, "Mother Mollie," would take a life estate in his property and that James B. Ray would take the remainder interest in the house and its lot and also in one of the vacant lots, while William S. Allen, who was "Mother Mollie's" son Bill, would take the remainder interest in the other vacant lot. The trial court's interpretation seems to be reasonable and correct and therefore we do not now offer any changes to be made in such interpretation. Since no question other than that of correct interpretation can arise on this appeal, this court only adjudges at present that the trial court's judgment of documentary interpretation was correct and free from error.

Wherefore, the judgment is affirmed.

Judge Thomas dissenting.

My reasons for disagreeing with the opinion of the Court are: (1) That the action is in all of its essentials a declaratory judgment proceeding, and, since the appeal was not prosecuted within sixty days after the rendition of the judgment by the Nelson circuit court it should be dismissed, as is provided in section 639a—5 of our Civil Code of Practice; (2) if the appeal had been prosecuted within the time prescribed, then the judgment should be reversed for the reason hereinafter given, and (3) if the action is not a declaratory judgment proceeding, then the judgment appealed from (whether rendered in a declaratory judgment action or other appropriate action constituting a part of judicial procedure for centuries before the enactment of the declaratory judgment statute) is res judicata of all questions determined and binds by way of forestalling any other court before whom the question of the establishment of the alleged will, which may be invoked as a part of the process of probation. Only a brief treatment will be given each of those reasons.

(1) While the petition does not declare, in specific terms, that it is a declaratory judgment action, the facts stated clearly make it so, without such specific designation. The text of 17 A. J. 275, section 3, in distinguishing declaratory judgment proceeding from an ordinary one, says: "The distinctive characteristic of a declara-

tory judgment is that the declaration stands by itself; that is, no executory process follows as of course. In other words, such a judgment does not involve executory or coercive relief.'' In the same section it is also said: ''On the other hand, declaratory judgments are to be distinguished from so called judgments of an advisory character, since they are *res judicata* and binding upon the parties and those in privity with them, * * *.'' (Our emphasis.)

In support of each inserted text there are cited annotations in 87 A. L. R. 1206 and 101 A. L. R. 690. Each annotation completely supports the text excerpts. The judgment appealed from and which the opinion affirms makes nothing but an abstract declaration and directs the issuing of no process for the enforcement thereof. I therefore conclude that reason (1) is well taken.

(2) The reason referred to under this heading does not appear in the record itself, but in brief of counsel for appellants it is stated, and not contradicted by opposing brief, that before the judgment appealed from was rendered, an appeal had been taken from the *supposed* judgment of the Nelson County probate court to the circuit court of the same county. The record does not disclose that the letter of decedent, which it is contended contained the alleged testamentary language, was ever probated, and that fact, if it did occur, is manifested only by the admissions of respective counsel. No certified order of any probate proceeding appears in the record, and the opinion of this court is based upon the fact that respective counsel admitted that probation proceedings were had. The majority opinion accepts as true the statements of counsel that probation by the Nelson county court was made, but rejects the fact that an appeal was taken to the Nelson circuit court, which was shown to be true by the same character of proof, or —more accurately stated—by the same manner of manifestation.

It is a trite saying that ''what is sauce for the goose is sauce for the gander,'' and if the court accepts as true the statements of counsel in their briefs essential facts for the benefit of the goose, then justice and fairness requires that it should do likewise for the benefit of the gander. When that is done and the statement of appellants' counsel is accepted as proof of the fact that an appeal was taken to the Nelson circuit court, then the sit-

uation is, that a provided procedure for the obtention of the *exact* relief sought by this action was then pending in the same court, i. e., the Nelson circuit court, and it should have abated this action and relegated the parties to the then pending litigation seeking the identical relief that was sought in this action. Abundant authority for this reason (2) is found in annotations in 135 A. L. R. 934, which is supported by these domestic cases: Proctor v. Avondale Heights Co., 1923, 200 Ky. 447, 255 S. W. 81; Jefferson County ex rel. Coleman v. Chilton, 1930, 236 Ky. 614, 33 S. W. 2d 601; Hunt-Forbes Const. Co. v. City of Ashland, 1933, 250 Ky. 41, 61 S. W. 2d 873. A later one, bearing upon the question and rendered since the annotations were prepared, is City of Ashland v. Beckham, etc., 271 Ky. 96, 111 S. W. 2d 575.

Reason (3) is supported by annotations in 87 A. L. R. 1241 under subdivision VII, and which is supported by the domestic case of De Charette v. St. Matthews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34. I have refrained from detailed discussion of the listed grounds for this dissent, since such omission may be supplied by referring to the cited cases and publications.

Before closing this dissent I would call attention to the fact that, while the opinion is written in exact accord with the views of the majority of the Court, there lurks in it a contradiction which is that "We do not now decide that the document is or is not the will of Leon Ray," and:

"This document has been probated as a will, as appellants state, and having been probated, the probate judgment is not subject to attack in a collateral manner in the instant case. The probate judgment, in its present unappealed state, is conclusive as to the testamentary character of the document, at least until a final decision on that particular question by an appeal to this court. Harl v. Vairin's Ex'r., 175 Ky. 468, 194 S. W. 546. * * *

"The only question that is or that can be before this court at this time consists of the correctness of the interpretation given to the document in controversy by the trial court's judgment."

The judgment appealed from, which the opinion af-

firms, held that the language inserted in the opinion was and is testamentary, and that it devises the specified property to the alleged devisees in parcels and proportions, also adjudged by the court. An affirmance of that judgment, of course, determines the same questions which, after all, is a determination of all questions presented to courts of probate jurisdiction, except mental incapacity of decedent or undue influence exercised upon him.

For the reasons stated I most respectfully dissent from the majority opinion.