James B. PAYNE, Sr., Guardian for James B. Payne, Jr., and Sarah K. Payne,
Appellant,

v.

William A. CHENAULT, Executor of the Will of Louise Ryan Chenault,
Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1960.

Rehearing Denied March 10, 1961.

W. Howard Clay, Louisville, for appellant.

Marshall Woodson, Jr., Ed P. Jackson, Louisville, for appellee.

PALMORE, Judge.

On January 17, 1958, the Jefferson County Court probated a will executed by the late Louise Ryan Chenault on November 16, 1957, and appointed appellee, her husband, as executor. On April 16, 1958, the appellant, a former husband of Mrs. Chenault, as guardian of her two children contested the will by appealing the probate judgment to the Jefferson Circuit Court. At the same time or shortly thereafter, while the appeal was pending in the circuit court, appellant offered for probation in the Jefferson County Court an earlier will and codicil, executed on January 26, 1953, and August 10, 1957, respectively. This application was denied by the county court, and appellant appealed the order of rejection to the circuit court. Following consolidation of the two appeals for purposes of trial the circuit court dismissed the second appeal on the ground that the judgment probating the will of November 16, 1957, was conclusive until set aside and the court was without jurisdiction in the meantime to admit an earlier will to probate. At the same time, on the basis of affidavits and pretrial depositions the circuit court sustained appellee's motion for summary judgment dismissing the first appeal, thereby sustaining the will of November 16, 1957.

Appeals to this court from both actions of the circuit court have been consolidated for joint disposition.

■ The dismissal of the appeal from the county court order rejecting the earlier will and codicil was correct. KRS 394.130 provides that the probate of a will by the county court "shall be conclusive, except as to the jurisdiction of the court, until superseded, reversed or annulled." The statutes pertaining to probate and contest of wills are complete and exclusive, and a judg-

ment of probate in a county court having jurisdiction is conclusive unless set aside on appeal to the circuit court or by such other method of direct attack as may be expressly authorized. Henry v. Spurlin, 1938, 277 Ky. 114, 125 S.W.2d 992; Moore v. Shifflett, 1925, 208 Ky. 461, 271 S.W. 551; Midlow v. Ray's Adm'x, 1946, 302 Ky. 471, 194 S.W.2d 847; Harl v. Vairin's Ex'r, 1917, 175 Ky. 468, 194 S.W. 546; Strother v. Day, Ky.1955, 279 S.W.2d 785. See also Patton v. Sallee, 1914, 159 Ky. 285, 166 S.W. 1004. The only other method of direct attack authorized by the will statutes is a proceeding to vacate or modify the judgment upon discovery of a later will. KRS 394.-295. Since the document offered by appellant for probate was not a later will, but an earlier one, the latter section does not apply.

In Central Trust Co. of Owensboro v. Bennett, 1925, 208 Ky. 281, 270 S.W. 821, 823, it was said that "if two or more wills are offered for probate in the county court, and one is probated and the others are rejected, the parties in interest may appeal from the several orders, in which event the circuit court will have jurisdiction to try which, if any, of the wills so offered is the will of the testator." We construe that statement, however, as referring to cases wherein the county court, having before it concurrently more than one will offered for probate, considers them together in one proceeding. Otherwise, of course, a party might be able to re-litigate collaterally the original probate once for each separate earlier will that could be found or proved, even after expiration of the 5-year limitation (KRS 394.240) for appeal of the first action to the circuit court.

In Smith v. Ridner, 1943, 293 Ky. 66, 168 S.W.2d 559, separate wills executed in 1927 and 1939 were simultaneously offered for probate on July 1, 1940. The 1939 will was probated, whereupon the surviving husband renounced it. Six months later he again offered the 1927 will (which left him the entire estate) for probate, which was refused. He appealed both orders, and a jury in circuit court found the 1927 document to be the last will and testament of the decedent. In holding that the husband's renunciation of the 1939 will did not preclude his appeal from its probation in order to establish the earlier will, this court did not consider the question before us in the instant case. But if the opinion be construed as tacitly approving the procedure there followed, it is not inconsistent with what we have said here. The two wills in that case were before the county court simultaneously. Admission of the one was necessarily a rejection of the other, giving a right of appeal that in the latter aspect was formalized by the subsequent entry, prior to any appeal, of the separate order of rejection. In the present case the will of November 16, 1957, already had been probated when the earlier will and codicil were first offered, and the actions of both the county and circuit court in declining to admit them to probate were proper.

It may be well to mention that in this case there was still another will, executed by Mrs. Chenault on August 19, 1957, which presumably would be offered for probate if the contest of the November 16, 1957 will proves successful. In that event it will be possible for the county court to consider all of the earlier documents at the same time.

Proceeding now to the appeal from the summary judgment sustaining the will of November 16, 1957, we have before us appellee's motion to reconsider an order of this court overruling his motion to dismiss the appeal for failure to show the amount in controversy to be $2,500 or more. KRS 21.060.

Appellant's two wards are the only issue of the testatrix, and they are the real parties in interest contesting the will. Subject to the surviving husband's curtesy interest, in event of intestacy they take the entire estate of their mother under the laws of descent and distribution. KRS 391.010 and 391.030. This appeal to the Jefferson Circuit Court (which is a "plead-

ing" to which we may look under KRS 21.-070) alleges that pursuant to the contested will and attendant orders of the county court appellee as executor without surety on his bond has taken possession of the decedent's property "which is approximately in the value of $700,000." A copy of the contested will attached as an exhibit shows that after a $1,000 specific bequest and the creation of a trust for the husband in the maximum amount allowable for the marital deduction under the federal estate tax laws the testatrix left the balance of her estate in trust for the children, distributable at the ages of 25, 30, and 35 with remainders over in event of death before complete distribution.

Although the foregoing information does not certainly fix the amount in controversy as to either of the children (indeed, it is scarcely susceptible of precise valuation), we are of the opinion that it is a sufficient showing that the amount is $2,500 or more. Roth v. Stauble, Ky.1957, 313 S.W.2d 269, is distinguishable because there the maximum interest of each appellant was definitely shown to be less than $2,500. The showing of jurisdictional amount in the instant case is by no means satisfactory, and is not commended as a model for future practice, but we consider it sufficient.

■ After the taking of numerous depositions by the parties appellee moved for a summary judgment on the ground there was no genuine issue of fact. Meanwhile, the appeal from county court had been amended to state explicitly that the decedent did not have sufficient mental capacity for the execution of a will on November 16, 1957, and in a response to the motion for summary judgment appellant filed an affidavit by the decedent's physician, Dr. Thomas V. Gudex, stating, among other things, that he had visited her professionally on November 19, 1957, and was of the opinion "that she was in no condition, physically or mentally, to know and understand complicated legal documents several days prior to his visit, November 19, 1957, and several days after November 19, 1957." Dr. Gudex

had previously treated Mrs. Chenault on January 16, May 15, and October 16, 1957, and continued to attend her until her death on January 9, 1958. She had undergone a hysterectomy in August, 1957, followed by a lobectomy (in which two lobes of the right lung were removed) on October 28, 1957. At the time the will was executed on November 16, 1957, she had been home from the hospital for one week. All of these facts were within Dr. Gudex's knowledge as her physician, and his affidavit further states the belief "that the cancer of the lung which the X-ray had shown and for which she was operated on at Norton Hospital had spread into her brain and that she had been, for several weeks, unable to make competent decisions as to her property."

The depositions showing the circumstances leading up to and surrounding the execution of the will on November 16, 1957, as well as the subsequent course of events, conduce to prove that Mrs. Chenault did have the requisite mental capacity. But Dr. Gudex, though somewhat shaken and thoroughly exasperated by cross-examination during the taking of his deposition (subsequent to the affidavit), held fast to his opinion that she was not competent. This, we are satisfied, raised a genuine issue of fact precluding summary judgment.

■ Recognizing that the consideration to be given a motion for summary judgment is not the same as that to be given a motion for directed verdict (see Rowland v. Miller's Adm'r, Ky.1957, 307 S.W.2d 3, for a full discussion of the point), appellee contends that nevertheless, in order to create a genuine issue of fact within the meaning of CR 56.03, a party must produce some quantum of evidence, amounting at least to a scintilla, and that Dr. Gudex's opinion is less than that. We cannot agree that Dr. Gudex's opinion does not amount to a trace of evidence, but even if it did not there is still a genuine issue between the parties on the vital factual question of Mrs. Chenault's testamentary capacity on November 16, 1957. Summary

judgment cannot be used for the purpose of testing the sufficiency of a party's evidence. Where there is a genuine issue on a material fact, and it is properly joined by the pleadings, a trial is the only battleground. Until the time of trial every litigant must have the opportunity to search for and secure whatever evidence may be necessary to perfect his case, and unless it is manifestly impossible for him to produce it he cannot be forced to a premature showdown in that respect by a motion for summary judgment.

The judgment dismissing the appeal from the order of the Jefferson County Court refusing to probate the will of January 26, 1953, and codicil of August 10, 1957, is affirmed. Appellee's motion for reconsideration of this court's order overruling his motion to dismiss the appeal from the summary judgment sustaining the will of November 16, 1957, is overruled, and said judgment is reversed and the cause remanded for further proceedings consistent with this opinion.