Raymond C. BARTH et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST COMPANY, etc., et al., Appellees.

Court of Appeals of Kentucky.

May 17, 1963.

Rehearing Denied June 28, 1963.

William S. Kammerer, Louisville, for appellants.

Bullitt, Dawson & Tarrant, M. Brooks Senn, Burwell K. Marshall, Anthony R. Hellmann, Allen P. Dodd, Jr., E. Skiles Jones, John A. Fulton, Louisville, and Joseph McDaniels, New Albany, Ind., for appellees.

K. S. ALCORN, Special Commissioner.

Citizens Fidelity Bank & Trust Company, individually and as co-trustee under the will of Louise E. Meyer, brought this suit for construction of Item III of that will, with reference to the nature of the estate devised George F. Barth. That Item disposes of the residuary estate, and is as follows:

"ITEM III. All the remainder of my property, of every nature, kind or description, wherever located or situated, I give, devise and bequeath in Fee-Simple to my beloved nephews and nieces; namely, DOROTHY M. BARTH, LOUISE M. BARTH, ANNA A. BARTH, WILLIAM E. BARTH, JR., HERBERT E. BARTH, GEORGE F. BARTH, and RAYMOND C. BARTH, share and share alike; provided, however, should any one or more of them predecease me, leaving children, said child or children shall inherit their parents share, and provided further, the part devised to my nephew, GEORGE F. BARTH, I give, devise and bequeath to the Fidelity and Columbia Trust Company, Louisville, Kentucky, and to William E. Barth, Jr., to be jointly held in trust by them for the exclusive use and benefit of the said George F. Barth, they to pay to him when and as collected, the income therefrom, with the right in said trustees to encroach upon the principal thereof to the extent that his needs in their judgment, makes it necessary. Said trustees, or their successors, shall have full power and authority to sell all or any part of his said estate, including real estate for reinvestment purposes, or said trustees may use such part of the proceeds of said sale or sales for his maintenance and support as the exigencies of the case may demand, the purchaser in no event having to look to the application of the purchase price. The co-trustee, William E. Barth, Jr., shall have the right to name his successor in his will."

Testatrix died in 1944. George F. Barth, one of the residuary devisees, died in 1959, testate, and his will was duly probated in the Jefferson County Court in February, 1959. He made disposition of all of his property, specifically including that devised him by Louise Meyer. He left to his brother, Raymond C. Barth, one of the other residuary devisees under the will of Louise Meyer, $100.00. Citizens Fidelity Bank and Trust Company, as executor of the George F. Barth will joins in this suit, asking for its construction, alleging that Raymond C. Barth was claiming George F. Barth had no right to dispose of the estate devised him by Louise Meyer. All the residuary beneficiaries of the Louise Meyer

will, with the exception of Raymond C. Barth, joined with the trustee in seeking the construction of Item III.

The answer of Raymond alleges that George Barth was always mentally incompetent, that Louise Meyer knew that was his condition, and incapable of making a will, and that she intended and provided by her will that at George's death, the trust estate would pass absolutely to his heir at law, and thus to Raymond, as sole heir of George. And it denies the probate of the George Barth will, for the reason, as alleged, its probate was contested by Raymond in the county court "and the contest will continue by appeal to the Jefferson Circuit Court."

The court having ruled that parol evidence was not admissible, the case was submitted upon the record for summary judgment, and it was adjudged that George F. Barth took under the Louise Meyer will the fee simple title to the estate held in trust under Item III by the trustees during his life time, subject only to the limitations as to trust contained in the will, and nothing in that will serves to prevent his devising the fee simple title therein. From that judgment Raymond Barth and wife appeal. The court adjudged the costs of the action to be proper charges against the corpus of the trust estate, and from that part of the judgment plaintiffs cross-appeal.

■ The opening sentence of this devise, in Item III, is expressly a devise in fee to each of the devisees, share and share alike. Thus is declared the purpose to give to each of them not only an equal part, so far as quantity of estate is concerned, but also the same quality of estate. Testatrix was at pains to make provision as to what disposition should be made should any of the devisees die before her own death, leaving children. In this and other respects the will bears evidence of thoughtful preparation on her part, and affords no justification for concluding that in creating the trust she overlooked making provision for the disposition of this trust estate upon the death of George Barth. Having emphatically stated that the devise to him was in fee simple, there was no reason for her to make any such provision. And in construing this devise it must be kept in mind that the law favors a construction that will dispose of the entire estate, and that it is presumed that a testator did not intend to die intestate as to part of his estate. Shaver v. Weddington, 247 Ky. 248, 56 S.W.2d 980; Thomas' Adm'r. v. Thomas, 220 Ky. 101, 294 S.W. 776; Powers v. Burke, 194 Ky. 796, 241 S.W. 53.

■ That the estate devised George F. Barth was subject to the trust, is not inconsistent with its being devised to him in fee simple. Radford v. Fidelity & Columbia Trust Co., 185 Ky. 453, 215 S.W. 285; Drye v. Cunningham, Medley & Co., 24 Ky.Law Rep. 2500, 74 S.W. 272; Webster's Trustee v. Webster, 93 Ky. 632, 21 S.W. 332, all cited and relied upon in the brief for appellees. In each of these it was adjudged that, there being no limitation upon the estate devised, and no devise over the fact it was placed in the hands of a trustee did not change the character of the devise as being in fee. As tersely stated in Drye v. Cunningham, "The creation of the trust did not change the character of the estate devised Mrs. Tucker. It was her property held in trust for her." Another case in point is Muir's Ex'rs. v. Howard, 178 Ky. 51, 198 S.W. 551. The devise was as follows:

"'My farm conveyed to me by my brother, John Muir, near Stringtown, Nelson county, I give to my son, Charles W. Muir. He is to be charged therewith in the settlement of my estate with $10,000.' 'Now, the landed estate I give to Charles is to be held in trust by my executors for himself and family with power to sell and convey, should it be thought best by the acting executors. But he is not to sell nor to encumber said land in any way.'"

The court construed the devise as being in fee simple, saying:

"Since there was no limitation upon the estate devised to Charles W. Muir and no devise over, it cannot be construed as a life estate simply because the right of alienation was, during the life of Charles W. Muir, placed in trustees, for the very evident and sole purpose of protecting the fee against the improvident and wasteful habits of the devisee, * * *."

And in the course of the opinion, the court said:

"That the testator did not intend to limit Charles W. Muir's interest in the land devised to a life estate is, to our minds, satisfactorily proved by the fact that no attempt was made to dispose of the remainder interest in the land."

▪ The brief for appellants complains of the ruling of the circuit court refusing to permit parol evidence with respect to the intention of testatrix as to the disposition of the estate after the death of George F. Barth, and, also, as to his "mental condition from birth." It seems to us that the ruling of the court was right. In construing a will, the court must do so from what the testator said in the will. The test in that respect is what he meant by what he said, not what was it his intention to say. Futrell v. Futrell's Ex'r., 224 Ky. 814, 7 S.W.2d 232; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5, 5 S.W.2d 477. Not only so, but here the appellants wished, as we understand their brief, to use parol evidence to show that it was the intention of testatrix to limit his estate to a life estate and to devise the remainder to his heirs at law. The appellant Raymond Barth being his next of kin, therefore, the argument runs, it was her intention that the fee upon the death of George should pass to Raymond. And such evidence would further offend the parol rule, for it is not permissible to use it for the purpose of cutting down or enlarging a devise. Simons v. Bowers, 258 Ky. 755, 81 S.W.2d 604; 95 C.J.S. Wills § 642.

▪ The brief for appellants also complains of the ruling of the chancellor overruling their motions to strike that part of the petition seeking construction of the will of George Barth and, also, the allegations with respect to his dying testate and the disposition he made therein. The court sustained the motion so far as construction of the will of George Barth was concerned, but overruled it otherwise. The motion to strike the allegations that George Barth had died testate, etc., as expressly stated in the motion, is based upon the contention that appellants had contested the probate of the will in the county court and the will would "continue to be contested on appeal to the Jefferson Circuit Court." The order of the county court probating the will is conclusive as to its testamentary character until determined to the contrary on appeal to the circuit court. Midlow v. Ray's Adm'x., 302 Ky. 471, 194 S.W.2d 847. George F. Barth's will was admitted to probate by the Jefferson County Court February 11, 1959. The present suit was filed August 8, 1960. At the time it was filed, no appeal had been prosecuted from the order probating the will. For that matter, so far as disclosed, no appeal had been taken at the time the judgment here was rendered. By KRS 394.250, unless taken within one year from the time the order probating the will was entered, an appeal to the circuit court shall not prevent the appointment of the executor by the county court, or the settlement or distribution of the estate as provided in the will. Therefore, until the order of probate is reversed by the circuit court, the document probated as the will of George F. Barth is his will and must be so considered here, and any motion contending to the contrary is irrelevant, and may properly be disregarded or stricken.

▪ On the cross-appeal appellees complain of the judgment for the costs of this action to be paid out of the corpus of the trust estate. KRS 453.040 provides that generally the successful party shall recover his costs; but by (2) of that section it is provided that in certain actions, including

settling the distribution of estates of deceased persons, the court shall exercise a judicial discretion regarding costs. And on appeal the decision of the circuit court in the matter of costs will not be controlled unless the chancellor has abused his discretion. Johnson v. Johnson, Ky., 273 S.W.2d 558. It seems to this panel, in this instance, that the present law suit is one where the judgment as to costs should be revised, in the interest of fairness. If the costs, as adjudged, are payable entirely from the corpus of the trust, that means the estate of George Barth will have to pay the entire costs, and that Raymond Barth, a specific legatee in the amount of $100, will pay no part of it. It is our opinion that Raymond, as unsuccessful party, should bear part of the costs, and that in this instance one-half of the costs should be assessed against him, and the remainder against the corpus of the trust.

For these reasons, it is the opinion of the panel that judgment on the appeal should be affirmed, and reversed on the cross-appeal.

The opinion is approved by the Court and the judgment is affirmed on direct appeal and reversed on cross-appeal.