**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Gerald T. KEMPER, Respondent.**

Supreme Court of Kentucky.

Aug. 31, 1982.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Max M. Smith, Frankfort, for respondent.

## OPINION OF THE COURT

The respondent, Gerald T. Kemper, is a duly authorized, practicing attorney in and for this Commonwealth, with offices in Owenton, Owen County, Kentucky. Both he and the county had elected to participate in the Public Advocacy program (KRS Chap. 31). The county ceased participating in this program on May 27, 1980.

In early May, 1980, respondent was appointed by the judge of the Owen County District Court to defend Gary E. Robinson, who was charged with and arrested for several felony offenses. Although the county had ceased participating in the Public Advocacy program, respondent continued his representation in the cases to which he had been assigned. It is respondent's conduct in relation to this representation that brought about his present difficulties.

The Owen County Grand Jury, on August 6, 1980, returned an indictment against Robinson charging him with knowingly receiving stolen property with a value in ex-

cess of $100 and charging him with trafficking in controlled substances. In September, 1980, Robinson, unbeknownst to the respondent, engaged the services of other counsel and filed a petition in bankruptcy in the United States District Court in which he listed assets of over $30,000. In October, 1980, respondent learned that Robinson had deposited a $500 cash appearance bond. In November, 1980, Robinson appeared at respondent's office and discharged him from further representation. Robinson sought to secure other representation; however, he was unable to do so. In the latter part of November, 1980, Robinson returned to respondent's office and requested that respondent again represent him. Respondent demanded a fee of $1,000 for this employment. The fee was paid and respondent resumed his representation of Robinson. Upon a trial, Robinson was convicted of the offenses for which he was indicted.

Although respondent was appointed by the court to represent Robinson, he did not advise the circuit judge that he had been discharged by Robinson and cause the court to enter an order releasing him from further representation of Robinson, nor did respondent advise the court of his private employment or that he was being paid a fee of $1,000 for his future services.

At the conclusion of the trial, Robinson advised the trial judge that he had paid respondent $1,000 for his services. The trial judge was incensed and initiated an investigation of respondent's conduct. The Inquiry Tribunal of the Kentucky Bar Association charged respondent with unethical conduct. An in-depth investigation was conducted by the trial commissioner, who reported that respondent was guilty as charged. The Board of Governors, by a vote of 14–0, agreed with the finding of the trial commissioner and recommended that respondent be suspended from the practice of law in this Commonwealth for a period of six months. Respondent filed a notice of review pursuant to SCR 3.370(6).

The facts are substantially undisputed. The issue is whether respondent's conduct pertaining to his representation of Robinson constituted unethical professional conduct. Respondent contends that his failure to have the trial court enter an order releasing him from representing Robinson did not result in unethical conduct. It is undisputed that had the respondent been released from further representing Robinson, either at the time Robinson fired him as his counsel or at any other time, there would have been no question about his accepting private employment from Robinson and receiving a fee for his services. Respondent contends, however, that in the event he erred in this respect, it was unintentional and that the penalty inflicted is out of proportion to the offense.

Respondent is 37 years of age, unmarried, lives with his mother and father on a farm ten miles from Owenton, and is city attorney for Owenton. He was appointed by the District Court judge to represent Robinson, who had filed an affidavit of indigency. He represented Robinson during all of the examining court procedures and all pre-trial proceedings in the circuit court. He received no compensation for representing Robinson in his capacity as public advocate. Respondent has been in the active practice of law for 14 years, without a blemish on his conduct.

Irrespective of the recommendations of the Board of Governors, this court is charged with the responsibility of reviewing the record and arriving at its own conclusions. This we have done. After a careful review of the entire record, this court is of the opinion that the respondent acted in an unprofessional manner in failing to advise the judge of the Owen Circuit Court that he had been fired by Robinson and in his failure to have an order entered of record in the Owen Circuit Court relieving him from further representation of Robinson as a public defender. We find that the recommendations of the Board of Governors are excessive. Respondent, however, should be, and he is hereby publicly reprimanded. Respondent shall pay the costs of these proceedings.

All concur except STEPHENSON and O'HARA, JJ., who dissent in part for the reason that they would adopt the finding of the Board of Governors imposing a suspension from the practice of law for a period of six months.