**William MONNING, Appellant,**

**v.**

**The KENTUCKY HOTEL, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1958.

Tilford & Dobbins, Stuart E. Alexander, Louisville, for appellant.

Woodward, Hobson & Fulton, John P. Sandidge, Louisville, for appellee.

BIRD, Judge.

Plaintiff, William Monning, was a paying guest at the Kentucky Hotel. While visiting in the room of another guest he sat on a luggage rack that collapsed under his

weight of two hundred and twenty-seven pounds. He seeks to recover damages for his alleged injuries.

█ The defendant hotel filed a motion for a summary judgment under CR 56.03. Various depositions and affidavits were filed on behalf of the parties. These, together with the pleadings and exhibits, were considered by the court when submitted upon the motion. The court directed a judgment for the hotel and plaintiff appeals. Summary judgment under CR 56.03 shall be granted forthwith if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. It is contended that the record discloses such issue, "concerning the nature and description" of the equipment involved, suggesting perhaps that it may have been a stool or chair.

According to the pleadings, however, there is no doubt as to whether it was rack, stool or chair. Though the plaintiff quibbles about it in his deposition there is no equivocation in his pleading. We quote:

> "2. On July 10, 1955 the plaintiff was paying guest in said hotel and while in Room 1056 thereof he sat upon a *luggage rack* which was maintained in said room by the defendant for the use and convenience of guests, and was, without like fault on his part, thrown suddenly and violently to the floor by reason of the wrongful, careless and *negligent acts of the defendant in placing a luggage rack* in said room that was not suitable for the uses which defendant could reasonably anticipate would be made thereof. Plaintiff did not know and by the exercise of ordinary care could not and did not discover that the luggage rack was incapable of supporting his weight." (Emphasis ours.)

The pleading is positive that it was a luggage rack and there is no genuine issue

of fact on what it was that fell with him or the use for which it was intended.

The proof shows that the rack was constructed of two inverted U shaped pieces of aluminum tubing with the extended ends fastened together about midway so as to permit folding, and with four or five strips of plastic fiber connecting the cross bars. The plastic strips ran from bar to bar, there being none running lengthways so as to make a crisscross seat. The plastic strips appear to be no more than two inches wide and there appears to be about four inches between the strips thus having about twice as much space uncovered between the bars as was covered. There was nothing to prevent him from examining the rack. It was obvious that the bolts or pins connecting the two pieces were small. There were eight or nine people in the room. He arrived last and his words about it are these:

> "95. (Interrupting) Where did your wife sit? A. I presume on the bed, because that was the only place—that and this article in question was—that was the only thing left to sit on.
>
> "96. Did you see what you were sitting on? A. Just that it was open there, and I sat on it.
>
> "97. Was there anything on top of it? A. No, sir.
>
> "98. No coats, boxes, or anything? A. No, sir."

█ Plaintiff complains that a photograph of a luggage rack is not properly a part of the record and should not be considered in the determination of this case. It appears from the record that a luggage rack of the same type involved in this action was filed as an exhibit with the affidavit of defendant's employee. A photograph of this rack was substituted for the rack itself because of convenience in handling. No timely objection was made to the use of the photograph and plaintiff will not therefore be heard to complain on appeal. It might too be noted that the rack pictured is sub-

stantially described by the plaintiff in his deposition.

It is quite evident from the pleadings and the evidence that the piece of equipment was not a chair, stool or seat and was not intended by the hotel to be used as one. The construction of the rack was of itself sufficient to spell danger in bold type, even to one unacquainted with the intended uses of such an item. This record discloses an experienced traveler and frequenter of hotels who, weighing 227 pounds, sat on a luggage rack *obviously* not suited to the purpose for which he used it. There was nothing hidden from him. He looked at it and sat on it without further examination. If the hotel was negligent in placing and maintaining the luggage rack in the room it is also thoroughly patent that plaintiff's own lack of care contributed to the cause of his injury to such extent that he is not entitled to recover. All other issues are therefore immaterial and we must conclude that the summary judgment was properly granted.

The judgment is affirmed.