Noble HILL, Appellant,

v.

**FISCAL COURT OF WARREN COUNTY,**
Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 31, 1968.

Edward F. Prichard, Jr., Frankfort, for appellant.

Franklin P. Hays, Skaggs & Hays, Louisville, Joe B. Orr, Jerry L. Moore, Bell, Orr & Reynolds, Bowling Green, for appellees.

EDWARD P. HILL, Judge.

By this suit appellant challenged the legality of a $1,500,000 bond issue proposed for the construction of a central high school building in Warren County. The appeal is from a summary judgment granted on the motion of appellees.

Appellant is a citizen and taxpayer of Warren County. Appellees include the Fiscal Court of Warren County and its members, the County Judge, the Board of Education, the members of the Board of Education, and the Superintendent of Schools.

In his suit appellant alleged two grounds to sustain his position that the proposed bond issue is invalid: (1) That the approval by the State Board of Education and the Superintendent was not first obtained

as required by KRS 162.160; and (2) that the Warren County Board of Education "lacked an adequate source or sources of revenue to finance the proposed bond issue in light of all its present and anticipated obligations."

After this suit was filed, the approval of the State Board of Education and of the Superintendent of Public Instruction was obtained. Whereupon the first ground relied upon by appellant was abandoned, leaving for trial only one issue—whether the County Board of Education "lacked adequate source or sources of revenue" to pay the annual interest and maturities of the bond issue.

The issue thus remaining was determined on appellees' motion for summary judgment, supported by certain affidavits filed by appellees and opposed by those filed by appellant in resistance thereof, to which we later refer.

Appellant contends the case was not one disposable under CR 56.01 by affidavit and that he has not "had his day in court." Appellees say he has; that the trial court afforded appellant ample opportunity to offer evidence or some assurance he knew of evidence or had hope of discovering and producing evidence in support of his contention.

Appellant has not superseded the judgment appealed from. And it is generally known that bond brokers will not attempt to sell bonds when a cloud (such as the present suit) is cast upon the proceedings authorizing sale thereof until the cloud is removed.

Congestion in classrooms generally over the country necessitating new school buildings and the modern tendency to consolidate high schools contribute to a situation demanding expeditious disposition of actions such as the present one.

CR 56.01, Author's Comment (2), accurately states the purpose of the rule: "The procedure provided by Rule 56 is designed to promote the expeditious disposi-tion of cases and to avoid unnecessary trials when no *genuine issues of facts are raised."* Clay, Kentucky Practice, Vol. 7, p. 156.

Affidavits may be used under CR 56.03 on motion for summary judgment, but CR 56.02 authorizes summary judgment on the pleadings alone. Cf. Daniel v. Turner, Ky., 320 S.W.2d 135.

Nothing we have said, however, is intended to mean·that summary judgment was intended to supplant a full-blown trial with its attending right of discovery and cross-examination. Michel v. Meier, D.C. Pa., 8 F.R.D. 464; Puckett v. Elsner, Ky., 303 S.W.2d 250.

Affidavits filed in support of a motion for summary judgment are ordinarily examined not to decide any issue of fact, but to discover if a real issue exists. Cf. Payne v. Chenault, Ky., 343 S.W.2d 129.

Filed in support of appellees' motion for summary judgment are the affidavits of A. J. Warner, Vice-President of Stein Brothers & Boyce (bond brokers); J. M. Alsip, Director of the Division of Finance, Kentucky Department of Education; and Jeff Stagner, Treasurer of the Warren County Board of Education.

Filed in resistance to motion for summary judgment are the affidavits of appellant and his attorney herein.

Appellant assails the first two of the above-listed affidavits filed by appellees upon the theory they contain "opinions" and "conclusions" and not facts, and further that they may not be used to try the issue raised for the reason that he was not afforded an opportunity to cross-examine the affiants.

The affidavit of A. J. Warner shows the debt service requirements of the existing and the proposed bond issues and the source of funds available to meet the debt service requirements.

The affidavit of J. M. Alsip contains his evaluation of availability of capital outlay

funds from local taxes and from state capital outlay funds.

The affidavit of the treasurer, Jeff Stagner, merely sets out the amount of U. S. Treasury notes held by the Warren County Board of Education for debt service requirements.

Appellant's response to the motion for summary judgment, sworn to by his attorney, states he is entitled to "examine the financial records, the budgets, and other financial data of the defendant, Board of Education of Warren County," and that counsel for appellant has "sought to obtain the agreement of counsel for defendant, Board of Education of Warren County, long previous to the filing of the motion for summary judgment herein, to take the deposition of Arthur M. Reynolds, Superintendent of Schools of the Warren County School District, and of other officials having custody of the records and budgets of defendant, Board of Education of Warren County, and that said counsel received no reply to said request."

The only other material offered by appellant in resistance to motion for summary judgment is the affidavit of appellant, which states he, Hill, does "not have access to the original records of the Board of Education of Warren County School District and therefore" he does "not have personal knowledge as to whether $22,000 will be available from such local funds for any of the fiscal years during which the proposed bonds will be outstanding, but" that he is "informed and believes that such sum of $22,000 from local funds received from ad valorem taxes will not necessarily be available during any or all of the years in question."

Appellant further deposed in his affidavit when referring to the availability of $138,000 from the state's Minimum Foundation Program, based upon $600 per unit, that he did not have information but that he is "informed and believes" that this estimate of the amount available is "highly doubtful."

We quote parts of appellant's affidavit:

"6. With reference to the allegations contained in subparagraph 3(c) of said affidavit, I do not have access to the figures upon which the affidavit of Jeff Stagner is based, but I am informed and believe that other obligations and indebtedness of the Warren County Board of Education must be considered with reference to the availability of said sum of $209,285.23.

"7. With reference to the allegations contained in paragraph 4 of said affidavit, I do not have access to the census upon which such estimates are based, but I am informed and believe that such estimates with reference to an alleged increase of classroom units as a result of the construction of such new school is entirely arbitrary and hypothetical and therefore inaccurate.

"8. With reference to the allegations contained in paragraph 6 of the abovementioned affidavit, I am informed and believe that the Board of Education of Warren County School District does have substantial additional obligations and indebtedness that will constitute a charge upon its income and funds equal in dignity and obligation to the indebtedness for rental contemplated under the proposed bond issue arrangement, and that said Warren County Board of Education contemplates as a part of its overall plan the issuance of additional bonds and the incurring of additional indebtedness of the same character of an undetermined amount which, together with anticipated increases in operating expenses, must be considered in estimating or judging the solvency of the school system of the Warren County School District.

"9. With reference to the allegations contained in subparagraphs 3(a), 3(b), 4, 5, 6, 7 and 8 of the afore-mentioned affidavit, I state that such allegations are in fact and in truth mere statements of opinion, and I deny the validity and

correctness of such opinions as are therein stated and I particularly deny the correctness of the opinions contained in paragraphs 7 and 8 thereof.

"10. With reference to the above-mentioned affidavit of A. J. Warner, I am informed and believe that the purported factual data contained in schedules A, B and C attached to said affidavit are based upon arbitrary and hypothetical assumptions with reference to the availability of local tax funds, state appropriations for capital outlay, future debt service requirements and purported surplus during the amortization period; that the assumptions with reference to future financial obligations, operating expenses and other claims and obligations of the Board of Education of the Warren County School District are not accurate.

"11. The remainder of the allegations contained in the above-mentioned affidavit of A. J. Warner are entirely matters of opinion, and I am informed and believe that the opinions expressed in said affidavit are debatable, questionable and inaccurate and that if access to the underlying data were furnished to me, said opinions could be fully controverted in additional detail."

 It is to be noted that the nearest appellant comes to denying the contents of appellees' affidavits is at the end of paragraph ten in which he says the factual data of A. J. Warner "are not accurate."

Nowhere do we find in the record any positive showing, by affidavit or otherwise, that the facts and statements of appellees' affiants are untrue. Neither is there a statement by counsel for appellant that if given further time he could obtain or hope to produce evidence to support his allegations. The mere writing of a letter by counsel for appellant asking for an agreement with counsel for appellee to take depositions [1] is of no avail to appel-

lant on the motion for summary judgment. Appellant had an absolute right to take depositions under CR 26.01. Furthermore, in the judgment at the conclusion of the hearing on motion for summary judgment, the trial court made this significant announcement: "Gentlemen, I am going to take this motion under advisement until January 10, with either side privileged to file any memorandum, any authorities or any affidavits or *anything further they care to file* in this record." (Emphasis ours.)

Having reviewed the contents of the affidavits in support of and in resistance to the motion for summary judgment, let us examine some of our recent opinions on the subject.

In Smith v. Hilliard, Ky., 408 S.W.2d 440, 442 (1966), we said:

" 'On the whole affidavits are the least satisfactory form of evidentiary materials on which to base a summary judgment * * *. Nevertheless it is well settled that a summary judgment may be rendered solely on the basis of affidavits or other evidentiary materials.' 6 Moore's Federal Practice par. 56.14 [4], at 2363 (2d ed. 1965). The affidavits themselves are 'proof' sufficient to warrant summary judgment in the absence of countervailing affidavits or the existence of some reason why the opposing party 'is presently unable to present by affidavit facts essential to justify his opposition. * * * Since on the whole the deposition and discovery rules provide effective means of obtaining evidentiary materials, unless the opposing party is unduly hurried to a hearing on a motion for summary judgment he has access to proof, as a general proposition, even where the essential facts are within the knowledge or control of the movant.' Id. at 2364. In such a case, it has been aptly said, the affidavits 'pierce the pleadings.' Id. par. 56.11[3] at 2167."

1. The complaint was filed October 11, 1967; this letter was dated November 28, 1967, and judgment was entered January 8, 1968.

The procedure for summary judgment is outlined under CR 56.03. We quote from Author's Comment (5), Clay, Kentucky Practice, Vol. 7, p. 166:

"After the moving party has made a prima facie showing that would entitle him to summary judgment, the question arises concerning the obligation of the adverse party to counter such showing. As noted above, if uncontroverted affidavits fairly disclosing the facts show that a genuine issue does not exist, the adverse party has an obligation to do something more than rely upon the allegations of his pleading.

"In effect the burden would shift to the adverse party and he would be required by counteraffidavit or otherwise to show that evidence is available justifying a trial of the issue involved. However, it seems clear that one party should not be permitted to compel his adversary to *try* his case on this motion."

See also Tarter v. Arnold, Ky., 343 S.W. 2d 377; Gifford v. Travelers Protective Ass'n of America, 9 Cir., 153 F.2d 209; and Sheppard v. Immanuel Baptist Church, Ky., 353 S.W.2d 212.

Returning to appellant's argument that appellees' affidavits are based on "opinions" and not facts, we are reminded that CR 56.05 states:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as *would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *." (Emphasis ours.)

█ It is true a small portion of appellees' supporting affidavits is based upon the opinions of the affiants. But it must be recalled in this connection that these affiants are experts on the questions contained in their respective affidavits, and their opinions "would be admissible in evidence" within the meaning of CR 56.05. This cannot be said of appellant's affi-

davits, for he plainly states that he did not have the information upon which to make a positive statement but has heard and believes so and so. The rule invoked by appellant must also govern his own affidavits; this rule emasculates his opposition to the motion for summary judgment.

The revenue received by the county board from the state for capital outlay under the Minimum Foundation Program for the school year 1968–69 was the amount of $700 for each classroom unit; and it has been raised to $1200 for the school year 1969–70, as provided by 1968 House Bill No. 400, page 12, lines 12, 13, 14 and 15. While the trial court did not have this information, it did have access to the statute then in effect which fixed the amount furnished by the state for capital outlay at $600 per unit for the school year 1967–68.

After weighing the affidavits in support of and those in resistance to the motion for summary judgment, we agree with the conclusions of the trial court that there was no genuine issue of a material nature and that summary judgment was proper. This court said in Neal v. Welker, Ky., 426 S.W.2d 476, at page 479:

"* * * The curtain must fall at some time upon the right of a litigant to make a showing that a genuine issue as to a material fact does exist."

From what we have said in regard to the right and opportunity of appellant to take depositions, it is proper, we think, to note that counsel for appellant became seriously ill shortly after writing the letter of November 28, 1967. He was hospitalized and underwent serious and disabling surgery, which prevented him from representing appellant until after summary judgment. Appellant was, however, represented during this illness of his original attorney by another able attorney. There appears no prejudice to appellant from the unfortunate illness of this attorney.

The judgment is affirmed.

All concur.