Bruce K. Davis, Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank E. Haddad, Jr., Louisville, for respondent.

**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**AN UNNAMED ATTORNEY,**
Respondent.

No. 89–SC–179–KB.

Supreme Court of Kentucky.

May 4, 1989.

LAMBERT, Justice.

The issue presented in this case is whether a participant in the public defender program on a part-time basis may accept a fee for legal services rendered to his client provided he is first relieved by the court of his duty to represent the client as a public defender. The trial commissioner appointed by the KBA found, with reluctance, against respondent. The Board of Governors reached a different result and unanimously voted to acquit respondent of the charges. On our own motion, this Court took review of the case.

Criminal defendant Smith had recently been convicted of crimes in Federal Court. When he was charged in state court with other crimes, the court sought to appoint the same public defender who had represented Smith in Federal Court. Smith objected and respondent, a part-time public defender, was appointed as counsel. Smith's mother attempted to "hire" respondent, but he declined pending "further legal research." Based on our decision in *KBA v. Kemper,* Ky., 637 S.W.2d 637, KRS 31.250(1), and KBA opinion E–165, respondent determined that he could represent Smith on a private basis.

Upon proper notice, respondent moved the trial court for leave to withdraw as public defender counsel. His motion was sustained and Smith's mother thereafter employed respondent to represent her son. Based upon the evidence, the trial commissioner found that respondent did not solicit the employment and performed his duties admirably. The commissioner also found that the trial court and all interested par-

ties were fully informed, in advance, of all relevant circumstances.

KBA opinion E–165 prohibits a part-time public defender, appointed to represent a "needy" person pursuant to KRS Chapter 31, from charging his client a fee for services rendered pursuant to the appointment. KRS 31.250(1) similarly prohibits such conduct, as follows:

> No attorney participating in a public advocacy plan shall accept any fee for the representation of any needy person as defined by this chapter from that person or anyone for his benefit and the fees for representation of that person shall be limited to the fees provided in this chapter.

Contrary to the foregoing statute and ethics opinion, however, in *KBA v. Kemper*, Ky., 637 S.W.2d 637 (1982), this Court suggested that if the appointed public defender had first been relieved of his duty to represent the defendant pursuant to the appointment, he would be at liberty to accept a fee from the client. We said,

> It is undisputed that ... had the respondent been released from further representing Robinson ... there would have been no question about his accepting private employment from Robinson and receiving a fee for his services.

*Id.* at 638.

■ Upon reexamination of our decision in *Kemper*, this Court is of the view that the above quoted dictum was improvidently placed in the opinion. We recognize, however, that respondent relied upon *Kemper* and that it would be unfair to impose punishment under such circumstances. Accordingly, we prospectively overrule our decision in *Kemper* to the extent it authorizes a part-time public defender to obtain release from his appointed duties and thereafter accept private compensation for representing the client.

■ An argument was advanced before the trial commissioner and the Board of Governors that KRS 31.250(1) is ambiguous. As with many statutes, by a strained interpretation, an ambiguity may be found in this one. Nevertheless, from the language employed, we are convinced the legislature intended to prohibit any part-time public defender from accepting a fee from a client he was appointed to represent and that subsequent withdrawal or discharge from the appointment does not thereafter entitle the attorney to accept a fee for private representation.

Accordingly, for the foregoing reasons, the recommendation of the Board of Governors is accepted and the charges against respondent are dismissed.

All concur.