Eugene HUBBLE, Appellant,

v.

Rick JOHNSON, Appellee.

No. 92–SC–617–TG.

Supreme Court of Kentucky.

Nov. 19, 1992.

**170**

Eugene Hubble, pro se.

Rick Johnson, pro se.

WINTERSHEIMER, Justice.

This appeal is from a summary judgment of the Lyon Circuit Court entered December 6, 1991. This case was accepted for transfer by the Supreme Court from the Court of Appeals.

The question presented is whether the circuit court committed reversible error when it granted the motion of Johnson for summary judgment.

Hubble argues that he is entitled to all the relief requested in his original complaint filed in the circuit court and that this Court should reverse the decision of the circuit court which granted the motion for summary judgment filed by Johnson. Hubble states that the case involves the appointment of counsel of record and acceptance by that counsel of a fee in the amount of $5,000 which Hubble was to pay to Johnson under an employment contract in violation of K.R.S. 31.250(1), (2).

Johnson claims that the circuit court summary judgment was correct because there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law.

This case arises out of a criminal representation of Hubble by Johnson in the Graves Circuit Court in 1985. Hubble was indicted on a 3–count indictment for the possession with the intent to sell marijuana; trafficking in cocaine and trafficking in a nonnarcotic schedule II substance. Originally Hubble retained private counsel who became ill and later died before the case went to trial. At that time, Johnson, who is now a Judge of the Court of Appeals, was in private practice. Johnson claims that in 1987, he was approached by the Director of the Paducah Office of the Department of Public Advocacy and asked if he would be willing to accept Hubble as a client. Johnson agreed and the DPA Administrator indicated that he would get Johnson the necessary paperwork if Hubble qualified for public advocacy representation.

Johnson states that Hubble appeared in his law office on September 14, 1987, and advised him that he did not want a public defender but he would rather hire his own lawyer and asked Johnson how much his fee would be. The following day Hubble paid Johnson $5,000 and signed a contract promising to pay a balance of $2,500 for the representation. On September 23, 1987, Johnson filed an entry of appearance in the circuit court. Johnson represented Hubble at a jury trial which resulted in Hubble being convicted on all three counts and receiving a sentence of twenty years in prison and a fine of $25,000. Both Hubble's direct appeal and his RCr 11.42 motion were unsuccessful. He is now serving his twenty years in prison. Thereafter Hubble filed the complaint in the Lyon Circuit Court which is the subject of this appeal.

On Johnson's motion for summary judgment, the trial court had before it only the complaint of Hubble, the answer by Johnson, motions for summary judgment by both, the affidavit of Johnson with attachments and the affidavit of the Graves Circuit Court Clerk with attachments. There was nothing in the record before the trial judge to support the claim by Hubble that Johnson was his appointed defense counsel. CR 56.05. The affidavit of Johnson and Circuit Court Clerk Stewart and the criminal docket sheet of the Graves Circuit Court indicate that Johnson was never ap-

pointed to represent Hubble as a public defender.

Hubble, in his motion, attempts to rebut the certified clerk's records. His offered proof consists of highlighted excerpts from the sworn court transcripts of hearings in the Graves Circuit Court on July 1 and September 14, 1987. The excerpts from the court proceedings were not submitted in the form of an affidavit pursuant to CR 56. The circuit judge was not compelled to accept the offer of proof. The transcript does not indicate that Hubble ever completed the affidavit of indigency he refers to. There is nothing in the record to indicate that Johnson was ever notified that he had been appointed to represent Hubble as a public defender. The only possible statement in the record that would support the claim of Hubble is a statement by the Commonwealth Attorney which was inadmissible hearsay and not suitable to support a motion for summary judgment. If Hubble wished to rely on the statement of the Commonwealth Attorney, it should have been submitted as an affidavit.

K.R.S. 31.250(1) applies only to defense attorneys who participate in the public advocacy system. Johnson was not participating in any form of public advocacy plan. He was a private attorney who was approached by the Department of Public Advocacy for a possible criminal defense appointment. The record does not indicate that Hubble was able to present any evidence that Johnson was subject to K.R.S. 31.250(1).

■ Even if the complaint of Hubble were accepted as completely true, he has failed to state a claim for which relief can be granted and the summary judgment for Johnson was proper. Even accepting Hubble's contention about Johnson's appointment, the law in 1987 was that if counsel had been released from further representing a defendant, there would have been no question about his accepting private employment and a fee for his services. *Cf. Kentucky Bar Assn. v. An Unnamed Attorney*, Ky., 769 S.W.2d 45 (1989). In *An Unnamed Attorney, supra*, this Court prospectively overruled the case of *KBA v.*

*Kemper*, Ky., 637 S.W.2d 637 (1982) to the extent that it authorized a part-time public defender to obtain a release from his appointed duties and thereafter accept private compensation for representing a client.

■ Johnson, in his motion and affidavits, presented evidence to the circuit judge that a genuine issue of fact did not exist. It was then the responsibility of Hubble to show the existence of a genuine issue of fact. *Hill v. Warren County Fiscal Court*, Ky., 429 S.W.2d 419 (1968). Hubble did not meet that burden in the opinion of the circuit judge. Therefore the motion of Johnson for summary judgment was sustainable as a matter of law. *Monning v. Ky. Hotel*, Ky., 310 S.W.2d 61 (1958).

■ It has long been recognized that a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial. *Steelvest, Inc. v. Scan Steel Service Center, Inc.*, Ky. 807 S.W.2d 476 (1991). That case indicated that ruling on summary judgment is a very difficult and delicate matter and requires great judicial determination and discretion because the case is taken away from the trier of fact before evidence is actually heard. A movant should not succeed in a motion for summary judgment unless the right to judgment is shown with such clarity that there is no room left for controversy and it appears impossible for a nonmoving party to produce evidence at trial warranting judgment in his favor. Summary judgment is to be cautiously granted and should not be used as a substitute for trial or merely for the sake of efficiency or expediency. *Steelvest, supra*. The motion for summary judgment must convince the circuit court from evidence in the record of the nonexistence of a genuine issue of material fact.

Both parties in this case are proceeding *pro se*. There is some particular interest attached to this case because one of the litigants is now a member of the Court of Appeals. Although this incident occurred in 1987, this Court is very aware of the possibility of a misconception on the part of

the public. However, the record in this case is clear and each litigant, whether they eventually become a judge or a prisoner, must be treated with absolute fairness and without any regard for their current status in society. We cannot automatically concede the question of the appearance of impropriety any more than we can automatically admit a presumption of propriety.

The judgment of the circuit court is affirmed.

STEPHENS, C.J., and REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs in result only.

LEIBSON, J., dissents by separate opinion in which COMBS, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion states incorrectly, "[t]here was nothing in the record before the trial judge to support the claim by Hubble that Johnson was his appointed defense counsel."

On September 14, 1987, the day *before* Hubble signed the contract agreeing to pay Johnson, the Graves Circuit Court conducted a hearing in Hubble's criminal case during which the Commonwealth Attorney, Richard Weisenberger, made the following statement:

> "Your Honor, I have just talked with Mr. Johnson and he *confirmed* that he was *appointed* conflict counsel." [Emphasis added.]

A transcript of this hearing is part of the record of this case, and the trial judge was aware of it when he entered summary judgment.

The Majority disregards the statement made by the Commonwealth Attorney as inadmissible hearsay. As an admission made by an opposing party, the statement over the phone to Mr. Weisenberger was not hearsay. It was admissible evidence. KRE 801-A(3)(b)(1) states:

> "A statement is not excluded by the hearsay rule, even though the declarant

is available as a witness, if the statement is offered against a party and is:

> (1) The party's own statement...."

The Majority Opinion asserts, mistakenly, that CR 56 requires that the transcript of the September 14 hearing be in the form of an affidavit to be considered on the motion for summary judgment. CR 56.03 states that a summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Rule is interpreted broadly to mean that a judge may examine any evidentiary matter in the record in determining whether summary judgment is appropriate. It is illogical to disregard the transcript of a proceeding contained in the record, merely because it is not in affidavit form.

It was an abuse of discretion for the Lyon Circuit Court to grant summary judgment for appellee in light of this piece of evidence in the record creating a factual issue. Our Court should reverse and remand this case for further proceedings.

COMBS, J., joins this dissent.