**Janice L. LUCCHESE, Appellant,**

v.

**SPARKS–MALONE, P.L.L.C., Appellee.**

**No. 1999–CA–002258–MR.**

Court of Appeals of Kentucky.

April 27, 2001.

Joseph V. Mobley, J. Russell Lloyd, Mobley & Lloyd, Louisville, KY, for Appellant.

William H. Mooney, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Appellee.

Before HUDDLESTON, KNOPF and MILLER, Judges.

*OPINION*

HUDDLESTON, Judge:

Sparks–Malone, P.L.L.C., a Louisville law firm, sued its former client, Janice L. Lucchese, to recover the $5,745.85 balance due for professional services rendered in a dissolution of marriage action. Lucchese answered and denied that she owed Sparks–Malone the sum claimed. Lucchese also filed a counterclaim against Sparks–Malone seeking recovery of a portion of the fees she had previously paid. She contended that the fees the firm had charged[1] were unreasonable considering the time and labor required, the novelty and difficulty of the legal questions in-

---

1. Lucchese claims that she had previously paid Sparks–Malone in excess of $150,000.00 for services rendered in her dissolution of marriage action and in post-decree proceedings.

volved, the skill requisite to perform the legal services properly, the fees customarily charged in Jefferson County for similar legal services, the amount involved, the result obtained, and the nature and length of the parties' professional relationship.[2]

Seeking dismissal of Lucchese's counterclaim, Sparks Malone moved for partial summary judgment contending that Lucchese's cause of action is time barred under Kentucky Revised Statute (KRS) 413.245, which provides that:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

The circuit court granted Sparks–Malone's motion for summary judgment and dismissed Lucchese's counterclaim. Although the court did not address the claims made in Sparks Malone's complaint, it made its partial summary judgment final and appealable.[3] Lucchese has appealed claiming that summary judgment was im-providently granted as there are material fact issues that can only be resolved in a trial and that, as a matter of law, Sparks–Malone was not entitled to a judgment in its favor.

Summary judgment is only proper "where the movant shows that the adverse party could not prevail under any circumstances."[4] However, "a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial."[5] The circuit court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[6] "The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists."[7]

This Court has said that the standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law."[8] "There is no requirement that the appellate court defer to the trial court since factual findings are not at issue."[9]

We agree with the circuit court that Lucchese's counterclaim, which was

---

2. Supreme Court Rule (SCR) 3.130(1.5) provides that "a lawyer's fee shall be reasonable." The rule sets out some of the factors to be considered in determining the reasonableness of a fee, including those mentioned by Lucchese in her counterclaim.

3. Ky. R. Civ. Proc. (CR) 54.02(1) authorizes a circuit court to grant a final (and appealable) judgment on one or more but less than all claims upon a determination that there is no just reason for delay.

4. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (1991), *reaffirming* *Paintsville Hosp. v. Rose*, Ky., 683 S.W.2d 255 (1985).

5. *Hubble v. Johnson*, Ky., 841 S.W.2d 169, 171 (1992).

6. *Steelvest, supra*, n. 4, at 480.

7. *Id.*

8. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996).

9. *Id.*

filed well over one year after Sparks Malone's representation of her concluded, is time barred under KRS 413.245. There can be no doubt that the characteristics of Lucchese's counterclaim bring it under the purview of KRS 413.245. Her civil action alleges a breach of contract by Sparks–Malone by overcharging for services agreed to pursuant to an oral agreement. Further, the fees arose from the rendering of professional services by Sparks–Malone for Lucchese. Finally, as mentioned earlier, Lucchese did not file her counterclaim within one year after the last legal service was rendered, which is when the cause of action arose.

Sparks–Malone's claim against Lucchese, to which Lucchese has asserted numerous affirmative defenses, remains pending in the circuit court. We do not address that claim or the defenses to it at this point.

The summary judgment dismissing Lucchese's counterclaim is affirmed.

ALL CONCUR.