LAMBERT, J., JUDGE:
Mary Blanche Gaddie appeals from the Taylor Circuit Court's order granting summary judgment to Raymond J. and Viola Benaitis in a boundary line dispute. We affirm.
Gaddie's late husband purchased the property at 321 Moss Road in 1954. Gaddie was added to the deed after the marriage in 1955. Gaddie became owner in fee simple when her husband passed away in 1991. The Benaitises purchased their property at 144 Moss Road in 2004. They had the property surveyed prior to the closing. The parties share a common boundary line on one side.
The dispute arose in 2012, after the Benaitises cleared a thicket and made improvements near the shared boundary line. In March 2013, Gaddie filed a complaint to quiet title and for injunctive relief regarding 0.002 acres of contested property; her theories of recovery were adverse possession, trespass, parol boundary line agreement, timber cutting, and acquiescence. The Benaitises filed a counterclaim early *897 the following year, and the parties agreed to a temporary injunction pending the outcome of the litigation.
In November 2014, the Benaitises filed a motion to dismiss or for summary judgment, which was partially granted on the issue of adverse possession (after Gaddie had admitted in discovery that she could not support that claim). Gaddie filed her survey and surveyor's report in July 2015. The circuit court, in November of that year, took judicial notice of previous court actions concerning the properties, including the surveys filed and adopted setting the boundary lines.
In January 2016, the Benaitises filed an amended motion to dismiss or for summary judgment. The record contains no written response by Gaddie, although she maintained throughout that her survey created a genuine issue of material fact. A hearing was held on April 19, 2016. On October 5, 2016, the Taylor Circuit Court entered its Order for Summary Judgment granted in favor of the Benaitises. Gaddie filed her timely notice of appeal.
We initially note that the Benaitises have failed to file a brief before this Court. Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) states:
If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.
"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion. Kupper v. Kentucky Bd. of Pharmacy , 666 S.W.2d 729, 730 (Ky. 1983) ; Flag Drilling Co., Inc. v. Erco, Inc. , 156 S.W.3d 762, 766 (Ky. App. 2005)." Roberts v. Bucci , 218 S.W.3d 395, 396 (Ky. App. 2007). See also Hallis v. Hallis , 328 S.W.3d 694 (Ky. App. 2010). We elect to "accept the appellant's statement of the facts and issues as correct." CR 76.12(8)(c)(i).
Gaddie argues before this Court that summary judgment was improper, that there were material issues of fact regarding "the true boundary line as shown by [her] surveyor" and "regarding any parol boundary line agreement." She also contends that there were issues of fact concerning equitable estoppel and acquiescence.
The proper standard of review in appeals from summary judgments has frequently been recited and is concisely set forth in Lewis v. B & R Corporation , 56 S.W.3d 432, 436 (Ky. App. 2001) as follows:
The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." (citations omitted).
*898 Suter v. Mazyck , 226 S.W.3d 837, 841 (Ky. App. 2007).
[E]ven though an appellate court always reviews the substance of a trial court's summary judgment ruling de novo , i.e., to determine whether the record reflects a genuine issue of material fact, a reviewing court must also consider whether the trial court gave the party opposing the motion an ample opportunity to respond and complete discovery before the court entered its ruling.
Blankenship v. Collier , 302 S.W.3d 665, 668 (Ky. 2010).
We disagree with all of Gaddie's assertions. It was incumbent upon Gaddie to present " 'at least some affirmative evidence showing that there [was] a genuine issue of material fact for trial.' " Suter, supra at 841 (citation omitted). The circuit court specifically found otherwise. We quote sections from its order granting summary judgment to the appellees:
On April 19, 2016, counsel for plaintiff [Gaddie] admitted in open court that none of the original theories in the Complaint had been supported by the evidence gleaned during the discovery process. She was relying solely on the 1807 deed, and the recent survey attempting to recreate the boundaries from that deed, to support [Gaddie's] claim to the disputed property.
Plaintiff took no depositions of any witnesses to support the claims made in her Complaint. Plaintiff did not take the deposition of her surveyor to support her claim in regards to the 1807 deed. Plaintiff presented no evidence which would indicate that the several intervening surveys of the Kirtley properties, which were conducted when most of the original markers were still in existence, were in error and that the 1807 deed and recent survey attempting to recreate it should be controlling. Plaintiff did not amend her Complaint to put forth any grounds for her claim to the land as it related to the 1807 deed.
....
Defendants [the Benaitises] are good faith purchasers with a general warranty deed. It is based upon a recorded survey and plat which is consistent with the boundaries of two previous surveys (one of which was adopted by this Court in an earlier case) on the side of the defendants' property that [Gaddie] is claiming. ... The defendants' deed and legal description are also consistent with the right-of-way markers set by the Kentucky Highway Department for the new Highway 210 and the 1987 Master Commissioner's Deed involving this portion of the Kirtley property and the plaintiff's property.
....
The defendants have a recorded survey and plat which clearly delineate their boundary lines. Their boundary lines are consistent with the remainder of the old fence line which was on the property when they purchased it, consistent with the state right-of-way markers, consistent with the previous judgment of the Taylor Circuit Court involving the Kirtley properties, and consistent with three previous surveys of the property conducted by properly licensed surveyors. The defendants have supported their position with the deposition of Mr. Bobby Kirtley who has intimate knowledge of the property going back approximately fifty years.
This Court cannot rely on a survey purporting to recreate the boundary lines of a 1807 deed which cannot be *899 objectively established when there are other, more recent and more reliable surveys of the disputed property.
(Emphasis ours.)
We agree with the circuit court that Gaddie failed in her "responsibility ... to show the existence of a genuine issue of fact." Hubble v. Johnson , 841 S.W.2d 169, 171 (Ky. 1992).
The judgment of the Taylor Circuit Court is affirmed.
ALL CONCUR.