RENDERED: MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1631-MR

ERMC SUPPORT SERVICES, LLC;
ERMC II, LP; ERMC III PROPERTY
MANAGEMENT COMPANY, LLC;
ERMC PROPERTY MANAGEMENT
COMPANY OF ILLINOIS, LLC;
ERMC IV, L.P.; AND TRISTATE
SECURITY OF AMERICA, LLC,
D/B/A RUSSELL SECURITY                                          APPELLANTS

                    APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE ERNESTO M. SCORSONE, JUDGE
                    ACTION NO. 18-CI-04015

GALLS, LLC                                                              APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  ERMC Support Services, LLC; ERMC II, LP; ERMC III

Property Management Company, LLC; ERMC Property Management Company of

Illinois, LLC; ERMC IV, L.P.; and Tristate Security of America, LLC, d/b/a

Russell Security (collectively referred to as ERMC) bring this appeal from a

December 3, 2020, summary judgment awarding Galls, LLC (Galls) a total of

$143,001, plus interest, in damages. We affirm in part, reverse in part, and

remand.

## Background

ERMC is in the business of providing security, janitorial, and

landscaping services. Galls is a retailer of public safety equipment, uniforms, and

related merchandise. ERMC regularly purchases merchandise for their business

from retailers like Galls.

On May 3, 2016, ERMC and Galls entered into a Master Purchase

Agreement (purchase agreement). Under the purchase agreement, ERMC agreed

to buy and Galls agreed to sell certain merchandise and saleable existing inventory

particular to ERMC and not regularly carried by Galls.[1] The term of the purchase

agreement was for three years.

On November 14, 2018, Galls filed a complaint against ERMC in the

Fayette Circuit Court. Therein, Galls alleged that it was "holding $143,001 in

---

[1] According the Section 10 of the Master Purchase Agreement (purchase agreement), the saleable existing inventory was particular to ERMC Support Services, LLC; ERMC II, LP; ERMC III Property Management Company, LLC; ERMC Property Management Company of Illinois, LLC; ERMC IV, L.P.; and Tristate Security of America, LLC, d/b/a Russell Security (ERMC), as acquired from another entity known as Apparel Sewn Right, Inc.

Existing Inventory/Merchandise" which ERMC agreed to purchase pursuant to the purchase agreement. Complaint at 6.[2] Despite multiple demands for payment, Galls asserted that ERMC refused to purchase said existing inventory and merchandise. Galls particularly raised the claims of breach of contract, promissory estoppel, and account stated. ERMC filed an answer, and on April 3, 2020, Galls filed a motion for summary judgment. Galls argued that it obtained certain merchandise and existing inventory unique to ERMC per the purchase agreement for sale to ERMC. According to Galls, ERMC breached the purchase agreement when it refused to purchase said merchandise and inventory. In particular, Galls maintained:

> [T]he ERMC Family of Companies obligated themselves to purchase within twelve (12) calendar months from the date they entered the Agreement certain "Existing Inventory" that Galls acquired from an entity called Apparel Sewn Right, Inc. (Agreement at Sec. 10). These inventory items were unique to the ERMC Family of Companies and consisted of, among other things, vehicle decals, jackets, shirts, and other items with ERMC insignia on them. (See Exhibit B to Scheve Affidavit, attached hereto as Exhibit 1). The ERMC Family of Companies further obligated themselves to purchase certain other "Merchandise" which Galls agreed to stock on their behalf. (Agreement at Secs. 8 and 9). This

---

[2] The merchandise at issue was set out as an Exhibit to the complaint and included as part of Schedule 1 to the purchase agreement for which Galls, LLC, (Galls) asserted a claim for $8,242 pursuant to Section 9 of the purchase agreement. A list of the saleable existing inventory that Galls alleged ERMC was obligated to purchase was not attached to the complaint or the purchase agreement, but was later provided with the affidavit of David Scheve, CFO of Galls, asserting a claim for $134,759 pursuant to Section 10 of the purchase agreement.

> Merchandise was also unique to the ERMC Family of
> Companies and consisted of, among other things,
> raincoats, shirts, decals, and security badges also
> containing the ERMC insignia.

Memorandum in Support of Motion for Summary Judgment at 1-2. Galls argued that ERMC breached Sections 8, 9, and 10 of the purchase agreement. Galls also sought summary judgment upon its claims of account stated and promissory estoppel. With its motion for summary judgment, Galls attached the affidavit of David Scheve, its CFO, and two exhibits that allegedly set forth the merchandise and saleable existing inventory that ERMC failed to purchase in violation of the purchase agreement.[3]

ERMC filed a response and asserted that it did not breach the purchase agreement. ERMC maintained that Galls failed to demonstrate that the alleged $143,001 in merchandise and saleable existing inventory was, in fact, merchandise and saleable existing inventory ERMC was contractually bound to purchase under the purchase agreement.

On July 26, 2020, the circuit court granted ERMC's motion for summary judgment "as to liability on its claims for breach of contract, account stated, and promissory estoppel." July 26, 2020, Order at 1. The court also stated that ERMC must "submit . . . evidence creating a genuine issue of material fact as

---

[3] David Scheve's affidavit was executed on February 3, 2020.

to the amount owed" under the purchase agreement by August 6, 2020, or it would render summary judgment as to damages in the amount sought by Galls. July 26, 2020, Order at 1.

In response, ERMC filed the affidavit of Kathryn Dismukes, who was previously employed as Vice President of Finance for a company that was closely affiliated with ERMC.[4] According to Dismukes, ERMC was only responsible for $8,154.37 in merchandise per the purchase agreement. And, as to saleable existing inventory, Dismukes stated that she could not determine from Galls' inventory list whether ERMC was responsible to pay for same "as there is no indication the items" were specific to ERMC. Affidavit of Kathryn Dismukes at 2.

ERMC argues that Dismukes' affidavit created a disputed material issue of fact as to the amount ERMC owed to Galls per the purchase agreement. ERMC pointed out that Dismukes reviewed Galls' exhibit, attached to Scheve's affidavit, which set forth a listing of merchandise and saleable existing inventory allegedly owed under the purchase agreement. As noted, Dismukes opined that ERMC owed Galls $8,154.37 for merchandise per Section 9 of the purchase agreement. However, as for saleable existing inventory, ERMC relies upon Dismukes' conclusion that she could not determine whether the existing inventory

_____

[4] Kathryn Dismukes' affidavit was executed on August 5, 2020. She was formerly Vice President of Finance for ERMC, LLC, and had previously worked in its uniform division.

listed by Galls was, in fact, such saleable existing inventory as set forth in Section 10 of the purchase agreement because of inadequate descriptions of the inventory provided by Galls.

On August 31, 2020, Galls filed a motion for entry of judgment on damages. Galls argued that Dismukes "lacks personal knowledge as to the amounts owed" by ERMC to Galls. Motion for Entry of Judgment on Damages at 2. Galls pointed out that Dismukes was previously employed by an affiliate of ERMC, not ERMC. As such, Galls maintained that Dismukes' affidavit failed to create a genuine issue of material fact.

On September 11, 2020, the circuit court conducted a hearing by zoom on Galls' motion to enter a judgment for damages. The circuit judge commented on the record addressing Dismukes' affidavit. While describing the affidavit as "flimsy," the court went on to state that the affidavit "does create somewhat of an issue." Rather than grant a judgment for damages, the court then went on to schedule a damages evidentiary hearing for September 22, 2020, which clearly reflected that the court believed there were factual disputes to be resolved. However, no written order was entered after the hearing and both the record and parties are silent as to whether the evidentiary hearing was conducted. Given the judgment does not reference the hearing, we must presume that the evidentiary hearing did not occur.

On December 3, 2020, the circuit court rendered summary judgment in favor of Galls and awarded Galls $134,759 for saleable existing inventory and $8,242 for merchandise, for a total of $143,001 in damages, plus interest thereon. The summary judgment contained no legal explanation or analysis by the court. This appeal follows.

## Issues on Appeal

ERMC contends the circuit court erroneously rendered summary judgment awarding Galls $8,242 for merchandise and $134,759 for saleable existing inventory. In particular, ERMC argues that the affidavit of Dismukes created material issues of fact as to the exact amount of merchandise and saleable existing inventory owed by it under the purchase agreement.

ERMC specifically argues:

> Ms. Dismukes reviewed the evidence (i.e. inventory ledger) submitted by Appellee in their motion line-by-line and determined an amount for the merchandise which was **completely** different than the number brought forth by Appellee's affidavit. As for the inventory, she directly disputes the amount owed by stating Appellee has not given enough information for a determination to be made as to whether the products are, indeed, the responsibility of Appellants to pay. In other words, Ms. Dismukes establishes there is no indication the items listed by Appellee are specific to Appellants.
>
> The inventory items Appellee is alleging Appellants pay for are, according to the Appellee's Summary Judgment Motion "unique to the [Appellants] and consisted of, among other things, vehicle decals,

jackets, shirts, and other items with ERMC insignia on them." However, even without the affidavit of Ms. Dismukes, Appellee's own evidence creates an issue of fact. In the inventory submitted by Appellee there are many items that are not specific to Appellants and do not have an ERMC insignia on them. As stated by Ms. Dismukes, Appellee's inventory list does not show the items contain the ERMC insignia or are unique to the Appellants. . . .

. . .

Ms. Dismukes affidavit that the inventory list does not contain enough information about the products to correctly determine whether the items are specific to Appellants. The inaccuracies of Appellee's own evidence in conjunction with Ms. Dismukes directly recognizing and disputing the evidence brought forth by Appellee in their own affidavit creates a textbook issue of fact to overcome summary judgment.

ERMC Brief at 4-5 (footnotes omitted). ERMC thus argues that it created material issues of fact that precluded entry of summary judgment as to damages.

### Standard of Review

In Kentucky, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). All facts and inferences therefrom are to be viewed in a light most favorable to the non-moving party. *Id*. at 480. Trial courts may rely on affidavits to determine the existence of, or lack thereof, a material issue of genuine fact. *Critser v. Critser*, 591 S.W.3d 846, 850 (Ky. App. 2019).

-8-

## Analysis

Under Kentucky Rules of Civil Procedure (CR) 56.05, an affidavit must "be made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein."

The affidavit of Dismukes reads, in relevant part, as follows:

2. I was formerly Vice President of Finance for ERMC, LLC for more than three (3) years.

3. I worked in the uniform division of ERMC for over six (6) years.

4. I have extensive experience during my time with ERMC, LLC overseeing orders, purchase agreements, and itemization of accounts executed by ERMC, LLC. My experience includes, but is not limited to, determining ERMC inventory, saleable merchandise, and specialty merchandise.

5. I have reviewed the itemized inventory list submitted by Galls, LLC in support of their Motion for Summary Judgment.

6. My review of the inventory list submitted by Galls, LLC was item-by-item and I detailed the items in which ERMC, LLC is liable to pay pursuant to the applicable Master Purchase Agreement.

7. Based upon my item-by-item review, and Pursuant to Section 9 of the Master Purchase Agreement, ERMC, LLC is responsible to pay a maximum of $8,154.37, as these items are specific to ERMC.

8. Based upon my item-by-item review, and Pursuant to Section 10 of the Master Purchase Agreement, it cannot be sufficiently determined from the inventory list whether ERMC, LLC is responsible to pay for certain other items as there is no indication the items are specific to ERMC, LLC.

Dismukes' Affidavit at 1-2.

In her affidavit, Dismukes admits that upon her review of the inventory list provided as an exhibit to Scheve's affidavit, ERMC was responsible for $8,154.37 in merchandise under Section 9 of the purchase agreement. As concerns the saleable existing inventory, based upon her review of the inventory list provided as an exhibit to Scheve's affidavit, she could not "sufficiently determine[] . . . whether ERMC, LLC is responsible to pay for certain other items as there is no indication the items are specific to ERMC, LLC." Dismukes' Affidavit at 2.

Galls attacks Dismukes' affidavit and contends that it is improper as Dismukes lacks the requisite "personal knowledge." Galls maintains that Dismukes was never employed by ERMC but was employed by an affiliated company of ERMC. Thus, Galls argued that Dismukes lacked personal knowledge of the purchase agreement or the merchandise and saleable existing inventory purchased by Galls thereunder. As a result, Galls argues that Dismukes' affidavit did not create a material issue of fact as to damages in this case. For the reasons stated, we disagree.

-10-

It is evident that Dismukes did not give her affidavit as a fact witness; rather, Dismukes gave her opinions in the affidavit as an expert witness, which was based upon her experience as a former vice president of finance of a company affiliated with ERMC, and she alleged to have particular knowledge and expertise in dealing with inventory, merchandise, specialty merchandise, orders, purchase agreements, and accounts. *See Hill v. Fiscal Court of Warren County*, 429 S.W.2d 419, 423 (Ky. 1968); *Blue Cross and Blue Shield of Kentucky, Inc. v. Smither*, 573 S.W.2d 363, 365 (Ky. App. 1978); 49 C.J.S. *Judgments* § 334 (2021).

As concerns the merchandise at issue, Scheve's affidavit states that $8,242 was owed by ERMC for merchandise stocked by Galls under Section 9 of the purchase agreement. This purported merchandise was attached as an exhibit to the complaint and to the purchase agreement. Dismukes' affidavit acknowledged that ERMC was responsible for payment of $8,154.37 to Galls for the merchandise. The difference in amount from that alleged by Galls was $87.63, yet Dismukes did not address or identify any specific merchandise that was not specific to ERMC in her affidavit to account for this difference. Accordingly, based on Dismukes' admission, we find no error in the circuit court's judgment in favor of Galls for $8,242 plus interest thereon and affirm the same.

As concerns the saleable existing inventory, a copy of the same was not attached to the complaint, or the purchase agreement. This alleged saleable

existing inventory appeared in the record for the first time as Exhibit B to Scheve's affidavit. Dismukes' affidavit states that the inventory description was too indefinite to determine what items were specific to ERMC for which it was obligated to purchase. While Scheve's affidavit identifies this as the inventory contemplated under Section 10 of the purchase agreement, which was acquired from Apparel Sewn Right, Inc. for ERMC, Scheve's affidavit does not indicate that he had personally inspected or observed said inventory to confirm it was, in fact, the inventory provided for in the purchase agreement. Conspicuously absent from the record is any sworn statement or testimony of a representative of Galls who had, in fact, inspected or examined the inventory to conclusively attest it was the same inventory as provided for under Section 10 of the purchase agreement. Similarly, there are no pictures or other documentary evidence in the record that verifies the existence of the saleable existing inventory or establishes this is the inventory referenced in Section 10 of the purchase agreement.

Accordingly, we must agree with the circuit court's observation at the September 11, 2020, hearing that while Dismukes' affidavit was "flimsy," it was sufficient to create a material issue of fact as to the amount of damages owed by ERMC under the purchase agreement for the saleable existing inventory.[5]

---

[5] We point out that neither the circuit court nor the parties raised or advanced any issue related to interpretation of the Master Purchase Agreement. This Court, likewise, expresses no opinion thereupon.

Accordingly, we hold that the circuit court was premature and erred in granting a summary judgment awarding Galls $134,759, plus interest for the saleable existing inventory prior to conducting an evidentiary hearing to establish same.

For the foregoing reasons, the summary judgment of the Fayette Circuit Court is affirmed in part, reversed in part, and remanded for an evidentiary hearing to determine the amount owed by ERMC for the saleable existing inventory under the purchase agreement.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

James G. Womack
Sami C. Oudeh
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

James G. Womack
Lexington, Kentucky

BRIEF FOR APPELLEE:

Kristeena L. Johnson
Elizabeth C. Barrera
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Kristeena L. Johnson
Lexington, Kentucky