RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0199-MR

AMJAD ALKEISI                                                                    APPELLANT

|   |   |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE BARRY WILLETT, JUDGE<br>ACTION NO. 19-CI-002513 |

BANK OF AMERICA N.A.                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Amjad Alkeisi, appeals the Jefferson Circuit Court's order granting summary judgment in favor of Appellee, Bank of America. Having reviewed the record, we affirm.

Bank of America filed this debt collection action on April 23, 2019, alleging Alkeisi accumulated $30,434.69 in credit card debt and failed to make payments on that credit card balance. Alkeisi filed his answer on May 9, 2019.

On November 17, 2020, about eighteen months after initiating the action, Bank of America moved for summary judgment. A week later, on November 25, Appellant served Bank of America with his response repeating the substance of his answer to the complaint that he did not owe the money. He failed to direct the circuit court to evidence in the record and presented no opposing affidavit as permitted by CR[1] 56.03 to counter the bank's proof for the nonexistence of a genuine issue regarding the material facts. Instead, he noted his simultaneous service of discovery on the bank and asserted his hope that, based on the bank's responses, he "may have a viable Counterclaim" and might learn that Bank of America failed to pay for the "services/products [Alkeisi] allegedly purchased . . . from the original creditor . . . ."

The circuit court granted summary judgment in favor of Bank of America on December 30, 2020 – before Bank of America responded to Alkeisi's discovery requests. Alkeisi now appeals the order granting summary judgment, arguing summary judgment was premature.

Bank of America argues summary judgment was proper because no genuine issue of material fact existed as to the amount of Alkeisi's liability. Bank of America produced credit card records detailing the amount Alkeisi owed. An

---

[1] Kentucky Rules of Civil Procedure.

accompanying affidavit showed the previous 27 months of credit card activity, enumerating record of purchases, debits, credits, and payments on the account. This affidavit showed a balanced owed of $30,434.69.

Alkeisi argues the circuit court granted summary judgment prematurely and the discovery answers Bank of America failed to give would show a genuine issue of material fact existed. Alkeisi argues, with no supporting authority, the circuit court cannot grant summary judgment when discovery is served on a party, that party has not responded to the discovery requests, and the court had notice of this prior to granting summary judgment. We are not persuaded by Alkeisi's argument.

A circuit court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). Thus, appellate courts use *de novo* review when reviewing a circuit court's order granting

summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

However, "where the movant shows that the adverse party could not prevail under any circumstances" summary judgment is appropriate. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citing *Steelvest*, 807 S.W.2d at 480). The nonmovant "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact . . . ." *Steelvest*, 807 S.W.2d at 481 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)).

In debt collections matters, a plaintiff need only prove three elements to be entitled to summary judgment. *Bruner v. Discover Bank*, 360 S.W.3d 774, 778 (Ky. App. 2012). The creditor must establish proof of the debt, proof of how the debt was calculated, and proof the defendant is the person responsible for the debt. *Id.* Bank of America's motion and accompanying affidavit with Alkeisi's credit card record readily satisfy these three requirements. The evidence shows Alkeisi owned the account, incurred debt on the account, and did not make payments on the account. The 27-month ledger shows how Bank of America

calculated the debt and how Alkeisi accumulated the debt. The credit card record is 120 pages long.

In response to this evidence, Alkeisi must show a genuine issue of material fact exists. *Feltner*, 568 S.W.3d at 3. Additionally, we are to view the record in a light most favorable to Alkeisi, awarding summary judgment only if no genuine issue as to any material fact exists which would make it impossible, as a practical matter, for Alkeisi to prevail. *Steelvest*, 807 S.W.2d at 480, 483. "[T]he term 'impossible' is to be used in a practical sense, not in an absolute sense." *Patton v. Bickford*, 529 S.W.3d 717, 723 (Ky. 2016). Additionally, Alkeisi has the burden of showing what additional discovery is sought and why "facts essential to justify his opposition" are not available. CR 56.06. Appellant failed to meet this burden.

Appellant here may not rely on unanswered discovery requests to overcome the evidence presented by Bank of America. Alkeisi argues that certain pieces of requested discovery, if answered, could show a genuine issue of material fact exists, and summary judgment should, therefore, not be granted until Bank of America responds to those discovery requests. This argument merely relies on "hope" that evidence creating a genuine issue will surface; it is insufficient to overcome the summary judgment standard.

Appellant has not stated any concrete reasons why these discovery answers will provide evidence of a genuine dispute as to a material fact. Appellant also has not advanced a theory of what potential evidence would be found that defeats Bank of America's motion. Appellant points to no authority suggesting the circuit court must wait to grant summary judgment when there are discovery requests gone unanswered. In reviewing Alkeisi's response to summary judgment, he merely hopes discovery will unearth evidence to reduce his credit card debt in some way. Ultimately, Alkeisi advances no concrete evidence or potential evidence hidden by discovery that could bring Bank of America's debt collection action into question.

Thus, the circuit court properly granted summary judgment.

Accordingly, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Scott S. Simon
Louisville, Kentucky

BRIEF FOR APPELLEE:

Robert K. Hogan
Cincinnati, Ohio